Dillingham v. Insurance Co.

SUSIE W. DILLINGHAM *v.* TRADERS' INSURANCE CO. *et al.**

*(Nashville.*   December Term, 1907.)

1. **CHOSES IN ACTION.** **Notice to debtor is necessary to per-fect the assignment thereof.**

    The assignment of a chose in action is not complete, so as to vest title absolutely in the assignee, either as against the debtor or third persons acquiring rights until notice of the assignment has been given to the debtor. (*Post, p.* 308.)

    Case cited and approved: Clodfelter v. Cox, 1 Sneed, 330.

2. **ATTACHMENT.** **Of assigned debt before notice to debtor pre-vails over the assignment.**

    The attachment of a debt, before notice to the debtor of an as-signment thereof, will take precedence over the assignment. (*Post, p.* 309.)

    Case cited and approved:   Clodfelter v. Cox, 1 Sneed, 330.

3. **ASSIGNMENTS.** **Made in one State have no extraterritorial force in another State.**

    An Illinois insurance company's assignment of all its property and assets of every kind to a receiver in that State, although *in invitum,* had no extraterritorial effect and force over the debts due the insurance company in Tennessee, which could only be removed from the State by the act of the assignor, and could not be recovered by the receiver. (*Post, pp.* 309, 310.)

    Cases cited and approved:   Cagill v. Wooldridge, 8 Bax., 580; Bank v. Iron Co., 95 Tenn., 172.

    ──────────

    *As to right of foreign receiver to sue, see note to Gilman v. Hudson River Boot & Shoe Mfg. Co. (Wis.), 23 L. R. A., 54.

Dillingham v. Insurance Co.

4. **RECEIVERS. A foreign receiver cannot sue in this State, when.**

A foreign receiver cannot sue in this State to recover property never in his individual possession. (*Post, p.* 310.)

Same citations as under headnote 3.

5. **ATTACHMENT. Of indebtedness here due to a nonresident and about to be removed from the State by him.**

The removal of indebtedness from a debtor in Tennessee to the creditor or his assignee in a foreign State is a removal of property within the meaning of our attachment laws. A debt due from a resident debtor to a nonresident creditor may be subjected, by attachment or garnishment proceedings, to the payment of claims against such creditor, though service upon such creditor is by publication only. An indebtedness due and payable in one State to a foreign corporation domiciled in another State may be impounded by attachment and process of garnishment and subjected to the payment of the claims of creditors. An attachment will lie where the foreign corporation is about to remove the indebtedness to its receiver in the foreign State of its domicile by directing its agent and debtor to remit the same to such receiver. (*Post, pp.* 310-315.)

Code cited and construed: Secs. 5211, 5238 (S.); secs. 4192, 4219 (M. & V.); secs. 3455, 3478 (T. & S., and 1858).

Cases cited and approved: Railroad v. Barnhill, 91 Tenn., 395; Brashear v. West, 7 Pet. (U. S.), 620; Mattingly v. Boyd, 20 How. (U. S.), 128; Railroad v. Kennedy, 83 Ala., 462; Mooney v. Manufacturing Co., 72 Fed., 32, 18 C. C. A., 421; Connor v. Insurance Co. (C. C.), 28 Fed., 549; Mason v. Beebee (C. C.), 44 Fed., 556; Trust Co. v. Railroad (C. C.), 68 Fed., 685.

Cases cited and distinguished: Railroad v. Morrow, 87 Tenn., 406.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals.—JOHN ALLISON, Chancellor.

NATHAN COHN, for complainant.

PILCHER & PILCHER and T. J. BAILEY, for defendants.

MR. JUSTICE MCALISTER delivered the opinion of the Court.

This is a *certiorari* to the court of civil appeals from a judgment in favor of the insurance company. The defendant insurance company is an Illinois corporation, but had been transacting business in the State of Tennessee, with agents in the city of Nashville. Complainant held a policy of fire insurance in said company on her house in the city of Nashville for the sum of $600. The house was destroyed by fire April 3, 1906. This bill was filed for the purpose of attaching, by garnishment, certain indebtedness due the company from its agents in the State of Tennessee.

On the 5th of May, 1906, by decree of the circuit court of Cook county, Illinois, one Byron L. Smith was appointed receiver of said insurance company, to whom the company conveyed all of its property and assets of every kind. Notices of this assignment were sent by the Traders' Insurance Company to the agents of the company at Nashville, and they were directed to remit all moneys in their hands to Byron L. Smith, as receiver. This letter was received by said agents on the afternoon of May 8, 1906; but on the morning of May 8, 1906, the complainant had filed her bill in the chancery court at Nashville, averring the loss of her property under the policy, and that said agents representing defendant in the city of Nashville have funds in their hands belonging to said company, which they will transmit to defendant in the State of Illinois unless said funds are held by the process of garnishment. The complainant prayed for the writs of attachment and garnishment upon the ground that defendant (company) has removed its property from the State of Tennessee, and is about to remove its property from said State.

It is further alleged in the bill that the defendant insurance company had an office or agency in Nashville, and had lodged with the insurance commissioner of Tennessee a power of attorney authorizing him to accept service of process for it in all actions commenced against it in this State. The bill prayed for service of process on the insurance commissioner; that an attachment is-

sue, and be levied on any property of defendant in this State; that the process of garnishment be served upon said agents; and for judgment for the amount of the loss against the insurance company.

It appears that bond was executed and an attachment issued, which was served by garnishment upon said insurance agents at 10:45 a. m., May 8, 1906, some hours prior to the receipt by the agents of the notice of the assignment. On July 21, 1906, the Traders' Insurance Company filed a plea in abatement to the said attachment, denying that it was about to remove, or had removed, its property from the State when the bill was filed, and further averred that on May 5, 1906, it conveyed all of its property, including all indebtedness due by said agents, to Byron L. Smith, in Chicago, Ill.

On July 21, 1906, Picton & Co., agents of the defendant company at Nashville, answered the garnishment, denying that they were indebted to the Traders' Insurance Company, of Chicago, Illinois, in any amount, and denying that they had in their possession any property, debts, or effects belonging to the said Traders' Insurance Company. On the same day Picton & Campbell, also agents of defendant company, answered the garnishment, averring that they were indebted to the Traders' Insurance Company in the sum of $1,000 on the 5th day of May, when said debt was assigned by said insurance company to Byron L. Smith, receiver. On the same day Blakemore, Picton & Campbell, also agents of said company, answered that they were indebted to

the Traders' Insurance Company in the sum of about $500, when said debt was assigned by said insurance company to Byron L. Smith, receiver. On July 24, 1906, Byron L. Smith, receiver, filed his petition in said cause, asking to be allowed to intervene; but on November 2, 1906, upon motion of complainant, the petition was dismissed.

The plea in abatement was heard by the chancellor on a stipulation of agreed facts, in which, among other matters, it was admitted that, prior to the receipt of the notice of assignment of the insurance company in Illinois to Byron L. Smith, receiver, complainant had caused a garnishment notice to be served on the resident agents of said company in Nashville, impounding in their hands any funds in which they were indebted to said Traders' Insurance Company. Another stipulation was as follows:

"Said agents would have promptly remitted to Chicago, Illinois, to said Byron L. Smith, the sums which they owed to the Traders' Insurance Company at the time said Byron L. Smith was appointed receiver of said company, and at the time of execution to him of said deed, had they not been prevented from so doing by the service of garnishment."

The chancellor, on the hearing, overruled the defendant's plea in abatement, sustained the attachment, and pronounced a decree against the Traders' Insurance Company, and the garnishees, Picton & Co., and Blakemore, Picton & Campbell, for the sum of $600, with in-

terest from the 1st day of July, 1906, amounting to $622.80.

On appeal, the court of civil appeals, by a majority opinion, reversed the decree of the chancellor, and dismissed complainant's bill. The majority opinion states:

"The fact that a nonresident debtor transfers to his creditor, whether he is a nonresident or not, a chose in action, consisting of a debt owed by parties resident in this State, does not constitute the removal of property from this State. If the *situs* of the property was in this State before the transfer, it still remains in the State after the transfer, unless something more is done. The defendant insurance company was not about to do anything further in regard to this debt or chose in action. It was true that the receiver was about to take the debt out of the jurisdiction of the court; but the receiver, in our opinion, was not the insurance company, and no attachment was sued out against him. For this reason, we think that the agreed state of facts do not show a case of removal, or of the defendant company being about to remove property from this State within the meaning of our attachment laws. Therefore we are of opinion that the chancellor was in error, and that the attachment must be discharged, and complainant's bill dismissed, with costs."

It is well settled that an assignment of a chose in action is not complete, so as to vest title absolutely in the assignee, until notice of the assignment to the debtor; and this is so, not only as it regards the debtor,

but likewise as to third persons. So an attachment by a creditor in the period intervening between the assignment and the notice will have preference over such assignment. *Clodfelter* v. *Cox*, 1 Sneed, 330, 60 Am. Dec., 157. It is conceded that, when the attachment by garnishment was served in the present case, the assignment of this indebtedness by the Traders' Insurance Company to Byron L. Smith, receiver, had not been perfected by notice to the resident agents of the company in Tennessee; and, if the attachment is valid, it will take precedence over the assignment. The Traders' Insurance Company in its plea in abatement denies that it had removed, or was about to remove, its property from the State when the bill in this cause was filed. It is suggested by counsel, and the court of civil appeals so held, that as a matter of fact the act of removal was by Byron L. Smith, receiver, and not by the Traders' Insurance Company; but the record shows that the resident agents were about to remit their indebtedness to Byron L. Smith, receiver, in obedience to directions from the Traders' Insurance Company, and that as a matter of fact it was the Traders' Insurance Company that was about to remove this debt or credit from the State of Tennessee, in order that it might be turned over to a creditor to whom it had been assigned, but which assignment had not been perfected by notice to the original debtor. The assignment to the receiver in Illinois, although *in invitum,* had no extraterritorial effect, and the property, debts, or credits of the company

in Tennessee must needs be taken out of this State by the act of the assignor, and could not be recovered by the receiver. A receiver appointed by a foreign State cannot sue in this State to recover property never in his individual possession. *Bank* v. *Iron Co.,* 95 Tenn., 172, 31 S. W., 1002; *Cagill* v. *Wooldridge,* 8 Baxt., 580, 35 Am. Rep., 716.

The question, then, to be decided, is whether the removal of an indebtedness from a debtor in Tennessee to the creditor or his assignee in a foreign State is a removal of property within the meaning of our attachment laws. It is argued on behalf of the defendant company that, as debts and choses in action follow the person of the owner, the *situs* of a debt of the company against its agents was not changed by an assignment made by an Illinois corporation to a resident of Illinois, and hence there was no removal or contemplated removal of property.

The complainant, however, denies that for the purposes of attachment and garnishment the *situs* of a debt is the residence of the creditor, and contends that its *situs* is the residence of the debtor.

Counsel for the insurance company cites *Street Ry. Co.* v. *Morrow,* 87 Tenn., 406, 11 S. W., 348, wherein it was held "that nonresident holders are not taxable in this State upon bonds of our domestic corporations held and owned by them. Neither the bondholder nor his property is within the jurisdiction of the State." In the opinion in that case it was said:

Dillingham v. Insurance Co.

"To sustain the jurisdiction of the State over these bonds for purposes of taxation, we must ignore or contradict legal fiction which ascribes to such property the *situs* of the owner. If the actual *situs*, upon examination, should prove to be here, then the legal fiction must yield. But the actual *situs* is not here, and to sustain the jurisdiction we must create a fictitious or constructive *situs*, based upon the motion that debts are in some way property in the hands of the debtor, or that, the security for the debt being here, therefore the debt is here. By no sort of fiction can the jurisdiction of the State be held to extend to the property which a nonresident has in a debt which he holds against a resident. The creditor cannot be taxed, because he is not within the jurisdiction; and his property cannot be taxed, because it is not within the jurisdiction"—citing *State Tax on Foreign-Held Bonds*, 15 Wall. (U. S.), 300, 21 L. Ed., 179, and other authorities.

We are of opinion this case is not controlling in the present instance, since the court was dealing with a question of taxation, and the rule is universal that the *situs* of a debt for the purpose of taxation is at the residence of the owner, unless otherwise fixed by statute; but this rule does not apply in the case of garnishment proceedings. The rule is thus stated in 14 Am. & Eng. Enc. of Law, 801:

"The general rule that the *situs* of a debt for the purpose of distribution, taxation, etc., is at the residence of the owner, has been practically and universally ac-

knowledged not to apply in the case of garnishment proceedings. A convincing illustration of the doctrine that the *situs* of a debt is not necessarily fixed by the residence of the creditor is shown by the cases which universally hold that a debt due from a resident debtor to a nonresident creditor may be subjected by garnishment proceedings to the payment of claims against such creditor, though service upon such creditor is by publication only." *Connor* v. *Hanover Insurance Company* (C. C.), 28 Fed., 549; *Central Trust Company* v. *Chattanooga R. R. Co.* (C. C.), 68 Fed., 685; *East Tennessee, etc., R. R. Co.* v. *Kennedy,* 83 Ala., 462, 3 South., 852, 3 Am. St. Rep., 755; *Mobile, etc., R. R. Co.* v. *Barnhill,* 91 Tenn., 395, 19 S. W., 21, 30 Am. St. Rep., 889; *Mason* v. *Beebee* (C. C.), 44 Fed., 556; *Mooney* v. *Buford, etc., Mfg. Co.,* 72 Fed., 32, 18 C. C. A., 421; *Brashear* v. *West,* 7 Pet. (U. S.), 620, 8 L. Ed., 801; *Mattingly* v. *Boyd,* 20 How. (U. S.), 128, 15 L. Ed., 845.

On this subject Mr. Shinn, in his work on Attachment and Garnishment (volume 1, sec. 490), says:

"By the law relating to garnishment a debt has a *situs* or location, like tangible property; and the *situs* of the debt, for the purpose of determining jurisdiction, is the place where the garnishee lives, unless it is otherwise indicated. Therefore the garnishee, to be held by the process served on him, must generally reside within the jurisdiction of the court, or have personal property in his possession or owe to the principal defendant a

debt which is payable within the State.   Where a debt is made payable within a certain State, the *situs* of the debt is in that State, and it cannot be elsewhere secured by garnishment, unless by subsequent agreement between the parties it is made payable elsewhere."

Again, the same author, at section 491 says:

"Where, however, the garnishee is a resident of the State, the fact that the principal debtor is a non-resident will not affect the validity of the garnishment proceedings, because attachments are permitted against nonresident debtors; and the fact that the principal defendant is served by publication only has no effect upon the jurisdiction of the court, when the property or debt is within the power of the court; that is to say, where the property is within the jurisdiction of the court, or the debt is payable therein."

Again, the author says, at section 476, as follows:

"The indebtedness must exist, or the personal property be, within the State.   It is a fundamental principle of the law of attachment that the property must be within the jurisdiction of the court.   Therefore, unless the effects are within the State, or the debt is due to the principal defendant from the contemplated garnishee in the State, the debt or chattel cannot be made susceptible to a proceeding in garnishment."

While it appears from the bill that the Traders' Insurance Company is a foreign corporation, the attachment herein was not sought against it on account of its nonresidence, but upon the ground that it had re-

moved or was about to remove its property from the State. Shannon's Code, sec. 5211. The stipulation of agreed facts shows that "the only other property of any kind, or chose in action, or evidence of debt of any kind, which the Traders' Insurance Company had in Davidson county, Tennessee, at the time of the service of said garnishment, was a little stationery, amounting in value not exceeding $10. As evidence that the Traders' Insurance Company was about to remove this indebtedness beyond the limits of the State, the letter of the company to its agents in Nashville, directing them to remit all money now in their hands to Byron L. Smith, receiver, Chicago, Illinois, abundantly shows."

It has already been stated that the agents of the company would have remitted this indebtedness to the receiver at Chicago, but for the garnishment. We are unable to perceive why this is not a contemplated removal of property beyond the State within the meaning of our attachment laws.

Section 5238. Shannon's Code, provides: "Where property, choses in action, or effects of the debtor are in the hands of third persons, or third persons are indebted to such debtor, the attachment may be by garnishment."

This indebtedness must, of course, be transmitted beyond the State by the medium of money, or by negotiable bills of exchange; and why this vast volume of business that is transacted between citizens of different States should not be impounded and subjected to the

payment of the claims of resident creditors, to the same extent as tangible property, we are unable to perceive. The narrow construction of the word "property," contended for by defendant's counsel, would place beyond the reach of resident creditors choses in action, solvent credits, and evidences of debt, which represent more assets than that invested in mere tangible property. The authorities are against such a construction, and hold that an indebtedness due and payable in one State to a foreign corporation domiciled in another State may be impounded by the process of garnishment and subjected to the payment off the claims of creditors. It is unnecessary to notice other questions, since it is conceded by counsel that the controlling issue on this record is whether the facts make a case of the removal of property beyond the limits of the State within the meaning of our attachment laws. That question we have resolved in the affirmative.

It results that the judgment of the court of civil appeals will be reversed, and the decree of the chancellor in favor of the complainant for the amount of her policy, with interest, will be affirmed.