HARDEE *v.* WILSON *et al.**

(*Jackson.*   April Term, 1914.)

RECEIVERS.   Foreign receivers.   Permission to sue.

While a receiver, at least an ordinary chancery receiver, has
no legal right to sue in a state other than that of his appoint-
ment, the privilege of doing so will be accorded, as a matter of
comity; the suit being neither inimical to the interest of local
creditors, or of anyone who has acquired rights under a local
statute, nor in contravention of the policy of the forum.

Code cited and construed:   Sec. 6106 (S.).

Cases cited and approved:   Relfe v. Rundle, 103 U. S., 222; Con-
verse v. Hamilton, 224 U. S., 243; Howarth v. Lombard, 175
Mass., 570; Howarth v. Angle, 162 N. Y., 179-182; Bank v.
Motherwell, etc., Iron Co., 95 Tenn., 172-181; Dillingham v.
Insurance Co., 120 Tenn., 302; Booth v. Clark, 17 How., 322;
Cagill v. Wooldridge, 67 Tenn., 580.

Cases cited and distinguished:   Runk v. St. John, 29 Barb.,
(N. Y.), 585; Choctaw Coal, etc., Co. v. Williams, Echols, etc.,
Co., 75 Ark., 365; Newsum v. Hoffman, 124 Tenn., 369.

---

FROM SHELBY.

---

Appeal from Chancery Court, Shelby County.—
FRANCIS FENTRESS, Chancellor.

WILSON & ARMSTRONG, for appellant.

EDGINGTON & EDGINGTON, for appellees.

---

*Upon the power of a receiver to sue out of jurisdiction of
appointment, see note in 4 L. R. A. (N. S.), 824.

Mr. Justice Green delivered the opinion of the Court.

This bill was filed by the complainant to recover a certain indebtedness, consisting of notes and overdraft, alleged to be due from the defendants to the First State Bank of Shaw, Mississippi. The bill averred that the said bank was being wound up as an insolvent institution by the chancery court of Bolivar county, Miss., and that the complainant had been appointed receiver of said bank by said court, and was authorized by decree of that court to collect all the assets of the same, and to bring all necessary suits.

The defendants interposed a demurred, which challenged the right of complainant, as a receiver appointed in a foreign jurisdiction, to sue in the courts of Tennessee.

Subsequently the bill was amended by the following words:

"That said complainant was, by virtue of his appointment as receiver in Bolivar county, Mississippi, vested with title and possession of said notes and said account, and that the same were turned over to him in said Bolivar county, Mississippi, by virtue of his office as receiver, and that he holds same, having there received title and actual possession of said notes and said evidences of account, and that there are no creditors of the said bank nor of the parties in the State of Tennessee whose rights would be affected in any way by this suit; that there is no receivership pend-

ing here, and no necessity for one; and that the maintenance of this suit would be in every way without any prejudice or influence upon the rights of said parties, either in the State of Tennessee or elsewhere than in the State of Mississippi.''

On the bill as amended, the same point was made by another demurrer.

The chancellor sustained the demurrer and dismissed the bill, and complainant has appealed to this court.

There is a distinction between the right and power of a receiver in a foreign court, when that receiver is by statute or voluntary assignment or conveyance vested with title to the assets of the estate he is administering, and the right of such receiver when he is a mere chancery court appointee. This difference is pointed out in *Relfe* v. *Rundle,* 103 U. S., 222, 26 L. Ed., 337; *Converse* v. *Hamilton,* 224 U. S., 243, 32 Sup. Ct., 415, 56 L. Ed., 749, Ann. Cas., 1913D, 1292; *Howarth* v. *Lombard,* 175 Mass., 570, 56 N. E., 888, 49 L. R. A., 301; *Howarth* v. *Angle,* 162 N. Y., 179-182, 56 N. E., 489, 47 L. R. A., 725. The distinction is also recognized in *Bank* v. *Motherwell, etc., Iron Co.,* 95 Tenn., 172-181, 31 S. W., 1002.

It is not necessary to consider this question here, because we do not think that the complainant, even according to the averments of the amended bill, is the sort of receiver or *quasi* assignee referred to in the cases just cited, with authority to maintain suits in other jurisdictions. Although in the amendment to

the bill it is said this complainant was vested with title to the assets of the defunct bank, the statement is a mere conclusion announced by the pleader. No statute, nor conveyance or assignment conferring title upon the receiver, is set out, and so far as we can see he is only an ordinary chancery receiver.

The question is, then, whether we shall permit such an officer of a foreign jurisdiction to maintain a suit of this character in Tennessee.

It is well settled that the receiver of a foreign court may not, as a matter of right, sue in the courts of this State. *Bank* v. *Motherwell Iron Co.*, 95 Tenn., 172, 31 S. W., 1002; *Dillingham* v. *Insurance Co.*, 120 Tenn., 302, 108 S. W., 1148, 16 L. R. A. (N. S.), 220. This rule as to foreign receivers was announced by the Supreme Court of the United States in *Booth* v. *Clark*, 17 How., 322, 15 L. Ed., 164, and is very generally accepted throughout all the states of the Union. See High on Receivers (4 Ed.), sec. 239.

In *Dillingham* v. *Insurance Co.*, 120 Tenn., 302, 108 S. W., 1148, 16 L. R. A. (N. S.), 220, there was a contest between the Illinois receiver of a foreign insurance company and a citizen of Tennessee, who was a creditor of this company. The property of Mrs. Dillingham, covered by a policy of insurance in said company, was destroyed by fire, and she attached certain assets of the insurance company in Nashville to satisfy her demand. The receiver of the company attempted to recover the assets, and was denied the right to sue by this court.

In *Bank* v. *Motherwell Iron Co.,* 95 Tenn., 172, 31 S. W., 1002, an Ohio judgment creditor of the Motherwell Iron Company, having exhausted his legal remedies against the said company in Ohio, filed a bill in the chancery court of Shelby county to subject to satisfaction of his judgment certain property of the iron company located in Memphis. This bill was filed under the provisions of Shannon's Code, section 6106. After the attachment had been levied, the receiver of the iron company, appointed by an Ohio court, filed a bill in Memphis to recover the said assets, which had been attached. This bill was dismissed by the court.

In *Dillingham* v. *Insurance Co.,* therefore, it will be seen that the suit of the foreign receiver, had it been allowed, would have prejudiced the rights of a local creditor.

In *Motherwell, etc., Iron Co.* v. *Bank,* the suit of the foreign receiver, had it been allowed, would have prejudiced the rights of a foreign creditor, upon whom our statute had conferred a standing equivalent to that possessed by a citizen of the State.

In both these cases the foreign receivers sought to assert claims in opposition to liens created by attachment under our laws.

So neither *Dillingham* v. *Insurance Co.* nor *Bank* v. *Motherwell, etc., Iron Co.* is in point here. The bill distinctly avers that the present suit can be maintained without prejudice to the rights of any other creditors protected by the laws of Tennessee.

It was said, generally speaking, in both of these cases, that a foreign receiver was without authority to bring a suit beyond the jurisdiction of the court appointing him. This is undoubtedly true as a question of legal right, and it was from this standpoint the question was considered in these cases. A foreign receiver is not entitled to *demand* a hearing in the courts of this State.

Other considerations control, however, when a foreign receiver comes into our courts and asks as a matter of comity to be allowed to sue here, and when it appears that the interests of no local creditor, nor any other creditor protected by our statutes, will be prejudiced.

The general expressions of the court in *Bank* v. *Motherwell, etc., Iron Co.,* supra, are founded on a quotation from the work of High on Receivers, sec. 239, in which the author lays down the principle that a receiver has no extraterritorial right of action. Following this language, in the last edition of his work, the author enumerates a great many instances in which the courts have been opened to foreign receivers in cases which did not involve the interest of local creditors. He concludes the discussion as follows:

"It is thus apparent that the exceptions to the rule denying to receivers any extraterritorial right of action have become as well recognized as the rule itself, and the tendency of the courts is constantly toward an enlarged and more liberal policy in this regard. And it is believed that the doctrine will ultimately be

established, giving to receivers the same rights of action in all States of the Union with which they are invested in the State or jurisdiction in which they are appointed." High on Receivers (4 Ed.), sec. 241.

The New York court has well stated the prevailing modern doctrine as follows:

"The plaintiffs are receivers of a corporation chartered in the States of Pennsylvania and New Jersey, and were appointed under the decree dissolving the corporation, made by the court of chancery in the latter State, and were confirmed by an act of the legislature of the former. The defendant's counsel denies the capacity of receivers, appointed in other States and countries, to sue in the courts of this State. The laws and proceedings of other sovereignties have not, indeed, such absolute and inherent vigor as to be efficacious here under all circumstances. But in most instances they are recognized by the courtesy of the courts of this State; and the right of foreign assignees or receivers to collect, sue for, and recover the property of the individuals or corporations they represent, has never been denied, except where their claim came in conflict with the rights of creditors in this State. All that has been settled by the decisions to which we have been referred on this subject is that our courts will not sustain the lien of foreign assignees or receivers, in opposition to a lien created by attachment under our own laws. In other words, we decline to extend our wonted courtesy so far as to work detriment to citizens of our own State, who have been induced to

give credit to the foreign corporation.'' *Runk* v. *St. John*, 29 Barb. (N. Y.), 585.

In a note to *Choctaw Coal, etc., Co.* v. *Williams, Echols, etc., Co.*, 75 Ark., 365, 87 S. W., 632, as reported in 5 Ann. Cas., 569, it is said:

''While the courts have with unanimity denied the capacity of a receiver to bring suit in a foreign jurisdiction as a matter of right, the privilege or permission to sue is ordinarily accorded as a matter of comity, and in the absence of statutory regulations the appointment and title of the receiver will be recognized, and he will be allowed to sue, unless injustice or detriment will result therefrom to the citizens of the State permitting it, or the policy of its laws will thereby be contravened.''

Authorities are collected from twenty-seven States in support of the annotator's proposition.

See later note to the same effect under *Converse* v. *Hamilton*, 224 U. S., 243, 32 Sup. Ct., 415, 56 L. Ed., 749, as reported in Ann. Cas., 1913D, 1292. See, also, note to *Gilman* v. *Hudson River Boot & Shoe Mfg. Co.*, 84 Wis., 60, 54 N. W., 395, as reported in 23 L. R. A., 52, 36 Am. St. Rep., 899, and note to *Fowler* v. *Osgood*, 141 Fed., 20, 72 C. C. A., 270, as reported in 4 L. R. A. (N. S.), 824.

The privilege of suing in jurisdictions other than that of their appointment is almost universally conceded to receivers now, as a matter of comity or courtesy, unless such a suit is inimical to the interest of local creditors, or to the interest of those who have

acquired rights under a local statute, or unless such a suit is in contravention of the policy of the forum. No such objection can be urged to the maintenance of the present suit, and we are of opinion it should be allowed to be prosecuted.

In *Cagill* v. *Wooldridge*, 8 Baxt., 580, 35 Am. Rep., 716, we permitted a receiver appointed by an Arkansas court to prosecute in this State an action of replevin to recover property taken from his possession.

In *Newsum* v. *Hoffman,* 124 Tenn., 369, 137 S. W., 490, speaking of chattel mortgages executed and registered in other States, this court held that they would be recognized as valid and effective here, if the mortgaged property was brought into the State without the consent of the mortgagee. The court said:

"It seems a churlish and ungracious course, if not an example of improvident judgment, to hold out against the generous comity of the many States which recognize the rule of interstate courtesy upon this subject."

This observation applies with even more force to the case of a foreign receiver who seeks to bring an action in our courts under circumstances such as are here existing. We have in Tennessee several border cities, Memphis, Chattanooga, Bristol, Clarksville, and others, the trade and business of which are largely, if not chiefly, in border States. These cities are in the main creditor cities, and it would therefore, as the court said in *Newsum* v. *Hoffman,* supra, be an exceedingly improvident course for Tennessee to deny rec-

ognition to the interstate comity and courtesy usually prevailing in such matters. Such a policy would provoke retaliation, and work to the detriment of our own citizens and business interests.

For the reason stated, we are of opinion that the chancellor erroneously sustained the demurrer to complainant's bill, and the decree below will be reversed, and the case remanded for answer. Other questions made have been disposed of orally. The costs of this court will be paid by defendants.