DeLaney Furniture Company, Inc. etc., Appellant,

*v.*

The Magnavox Company of Tennessee and The Magnavox Company, Appellees.

435 S.W.2d 828.

(*Knoxville,* September Term, 1968.)

Opinion filed December 31, 1968.

330

ANDREW J. EVANS, JR., and FRANK B. CREEKMORE, Knoxville, for appellants.

S. J. MILLIGAN, Greeneville, of counsel: MILLIGAN, SILVERS, & COLEMAN, Greeneville, for appellees.

MR. JUSTICE HUMPHREYS delivered the opinion of the Court.

DeLaney Furniture Company, Inc., of Kentucky, by its Kentucky Chancery Court appointed receiver, F.

Richard Holzknecht, sued the Magnavox Company of Tennessee, a Tennessee corporation, and the Magnavox Company, a Delaware corporation, to recover items of personal property allegedly delivered to the defendant corporations in satisfaction of an open account covering the purchase of the items of property from the defendant, at a time when the company was insolvent. It was alleged this was a preferential conveyance in contemplation of insolvency under the Kentucky Revised Statutes, secs. 378-060 and 378-070 (See Footnote [1]), so that the receiver, who was appointed by the chancery branch of a Kentucky circuit court, was authorized to sue to recover the property or its value, amounting to approximately $26,000.00. The lower court sustained a plea that was in effect a demurrer, and dismissed the suit. The company through its receiver has appealed, assigning errors; and the two defendant corporations have assigned error on the lower court's failure to act favorably on certain of their grounds for dismissal of the suit.

The principal, and decisive, issues are whether the Kentucky appointed receiver has such title to the property or claims as a quasi assignee as gives him the right to sue under the full faith and credit clause of the federal constitution without the local court's permission. And, if not, whether the suit can be maintained as a matter

---

[1] "Any sale, mortgage or assignment made by a debtor and any judgment suffered by a defendant, or any act or device done or resorted to by a debtor, in contemplation of insolvency and with the design to prefer one or more creditors to the exclusion, in whole or in part, or others, shall operate as an assignment and transfer of all the property of the debtor, and shall inure to the benefit of all his creditors * * *" Sec. 378.060 Kentucky Revised Statutes.

"Any transfer declared by KRS 378.060 to inure to the benefit of creditors generally shall be subject to the control of courts of equity, upon the petition of any person interested filed within six months after the mortgage or transfer is legally lodged for record or the delivery of the property transferred." Sec. 378.070 Kentucky Revised Statutes.

of comity, under authority of *Hardee v. Wilson et al.*, 129 Tenn. 511, 167 S.W. 475.

As to the Delaware defendant, the Magnavox Company, there is also the question whether service of process on its statutory agent in Tennessee is effective to confer jurisdiction against this defendant, a foreign corporation, qualified and doing business in the State of Tennessee, as to a cause of action arising wholly in a state other than Tennessee, and unrelated to this defendant's business in Tennessee.

 It is the settled rule that a receiver appointed by a foreign court, with title to the property or claim, has the right to maintain an action therefore in a local court under the full faith and credit clause of the federal constitution. *Converse v. Hamilton,* 224 U.S. 243, 32 S.Ct. 415, 56 L.Ed. 749. But this rule does not authorize the bringing of the present suit, as the receiver is a mere chancery receiver and has only such interest in the subject matter of the receivership as ordinarily exists in such cases. The Kentucky Revised Statutes, sec. 378.060 and sec. 378.070 do nothing more than confer jurisdiction on courts of equity with respect to a debtor, who, in contemplation of insolvency, prefers one or more of its creditors to the exclusion of others. Such powers as the receiver has flow from his appointment as a chancery receiver, and not from title vested by statute or actual assignment.

Not only is there nothing in the statute conferring title on the receiver, there is nothing in the amended original bill and its exhibits supporting this contention. The original bill was filed in the name of DeLaney Furniture Company, by the receiver, indicating that the suit is in its

behalf. There is no allegation in the original bill that the receiver has title, and so the right to sue. By an amendment to the bill it is contended the receiver is a statutory receiver who can maintain a suit as a matter of right under the full faith and credit clause, but as we have said this conclusion is not sustained by the statute, which makes no reference to a receiver.

The question is, then, whether a suit of this character can be maintained in Tennessee by a foreign chancery court receiver.

■ *Hardee v. Wilson*, supra, after stating it is the well settled rule that the receiver of a foreign court may not, as a matter of right, sue in the courts of this state, citing *Banks v. Motherwell Iron & Steel Co.*, 95 Tenn. 172, 31 S.W. 1002; *Dillingham v. Traders' Insurance Co.*, 120 Tenn. 302, 108 S.W. 1148, 16 L.R.A.,N.S., 220; *Booth v. Clark*, 17 How. 322, 15 L.Ed 164; High on Receivers, 4th Ed., sec. 239, formulates the rule since followed, that foreign receivers may sue in this state, as a matter of comity or courtesy, unless the suit is inimical to the interest of local creditors, or to the interest of those who have acquired rights under a local statute, or unless such a suit is in contravention of the policy of the forum.

■ So the question is, whether this suit can be maintained under *Hardee v. Wilson*, supra., and we have decided it cannot.

We have reached this decision because instead of this being a suit against an ordinary debtor, it is a suit against Tennessee creditors, brought in Tennessee, to enforce a constructive liability, the enforcement of which would, of course, be inimical to their interest.

In *Dillingham v. Traders' Ins. Co.*, supra, there was a contest between an Illinois receiver of a foreign insurance company and Mrs. Dillingham, a citizen of Tennessee and a creditor of the Insurance Company. Mrs. Dillingham attached certain Tennessee assets of the insurance company to satisfy her claim for fire insurance benefits. The receiver of the company attempted to reach the same Tennessee assets, and was denied the right to sue by this Court because as a Tennessee creditor Mrs. Dillingham's right came first.

In *Bank v. Motherwell Iron & Steel Co.*, supra, an Ohio judgment creditor of the Motherwell Iron Co., having exhausted his legal remedies against the company in Ohio, filed a bill in the chancery court of Shelby County, pursuant to a Tennessee statute, to subject certain property of the Iron Company located in Memphis to the satisfaction of his judgment. After an attachment had been levied, the Ohio receiver filed a bill to recover the Iron Company's Tennessee assets. This bill was dismissed by the Court on the ground it was inimical to the rights of the Tennessee creditors.

In each of these cases the foreign receiver was denied the right to proceed because his suit would have prejudiced the rights of a single local creditor.

Applying this principle to the present case, the conclusion cannot be avoided that the present suit is inimical to the interest of the defendants as its purpose is to reach property the defendants hold in satisfaction of a just claim.

If defendants, as creditors of DeLaney had attached this property in Tennessee, under our cases, there would be no question of their right to satisfaction therefrom.

336

Since the property was voluntarily turned over to defendants in satisfaction of an honest debt by persons in possession of DeLaney's assets and purporting to act for it, and is now held by defendants in Tennessee, it necessarily follows that the present suit must be dismissed.

■ The Kentucky statute governing preferential assignments cannot alter the case. It is based on a public policy contrary to the Tennessee public policy, and while entitled to full faith and credit in the ordinary case, a foreign receiver can still be denied the right to sue on a claim where, as here, the claim is both inimical, and contrary to our own local policy.

The policy of the Kentucky statute, which prevents any preference of creditors, is not the policy of the State of Tennessee. T.C.A. sec. 64-301 et seq., deal generally with fraudulent conveyances and devices, and expressly provide in secs. 64-311, 64-312, that fair consideration is given for property or obligation and there is no fraud, when, as in the present case, the property or obligation is received in good faith to secure an antecedent debt in an amount not disproportionately small as compared with the value of the property or obligation obtained. This statute, which is part of a uniform law, simply reaffirms, with certain conditions, the common law right to prefer creditors. Indeed, it has been held that judicial comity does not require a court of one state to maintain a suit by a creditor's receiver appointed in another state to set aside an alleged fraudulent conveyance from the debtor to the defendant. *Filkins v. Nunnemacher et al.*, 81 Wis. 91, 51 N.W. 79.

■ So, because this suit by the foreign receiver is inimical to the interests of Tennessee creditors, the de-

fendants, and seeks to enforce a constructive liability that is contrary to the policy of the law in Tennessee, it cannot be maintained. The Chancellor's decree dismissing the suit as to both defendants on the ground the foreign receiver was not authorized to bring it is affirmed.

■ We sustain Magnavox of Delaware's contention that, as a foreign corporation doing business in Tennessee, it cannot be sued on a claim arising wholly outside Tennessee, and having no connection with Tennessee. T.C.A. sec. 20-220 is the applicable statute. It provides:

"Any corporation claiming existence under the laws of the United States or any other state, or of any country foreign to the United States, or any business trust found doing business in this state, shall be subject to suit here to the same extent that corporations of this state are by the laws thereof liable to be sued, so far as relates to any transaction had, in whole or in part, within this state, or any cause of action arising here, but not otherwise. Any such corporation or trust having any transaction with persons, or having any transaction concerning any property situated in this state, through any agency whatever, acting for it within the state, shall be held to be doing business here within the meaning of this section."

■ While other statutes provide for service of process on corporations, (T.C.A. secs. 20-217, 20-218, 48-910, and others), and are to be read in pari materia, T.C.A. sec. 20-220 controls the right to sue, with respect to the origin of the cause of action. Under it, the suit cannot be maintained against Magnavox of Delaware. See *Cox v. Fidelity-Phenix Fire Insurance Co.*, 203 Tenn. 386, 313 S.W.2d 429.

Final judgment will be entered here dismissing the suit at the cost of the complainant.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.