**In re Norman Gerald WEAR, Debtor.**

**Maureen SMITH, Trustee, Plaintiff,**

v.

**Norman Gerald WEAR, Defendant.**

**Bankruptcy No. 381–02110.**
**Adv. No. 382–0259.**

United States Bankruptcy Court,
M.D. Tennessee.

July 10, 1985.

Perry R. Happell, Nashville, Tenn., for defendant.

Harry D. Lewis, Nashville, Tenn., for trustee.

Maureen H. Smith, Nashville, Tenn., Trustee.

MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on a complaint filed by the trustee to set aside an alleged fraudulent transfer by the debtor to his wife of his survivorship interest in tenancy by the entirety property. Upon consideration of testimony, exhibits, statements of counsel, and the entire record, the court holds that the debtor's conveyance of his survivorship interest to his wife was a fraudulent conveyance which the trustee may avoid.

The following shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The debtor has a B.S. degree in electronics and aviation, as well as a Master's and Doctoral degree in management. In 1975, after serving in the Air Force and working for Union Carbide Corporation, the debtor opened a business named NGW Enterprises. The business was a communications and electronics business which sold two-way radios. In 1979, NGW experienced cash flow problems and sustained losses of $50,000 to $60,000. Eventually, due to persistent creditors, the business was forced into bankruptcy. The debtor personally guaranteed some of the debts incurred by the NGW Enterprises and depended on the corporation for his income. During 1979, due to the problems with his business, the debtor had incurred individual liability of approximately $177,000 and had assets of approximately $143,200. On July 2, 1981, the debtor filed a Chapter 7 bankruptcy petition.

On March 16, 1979, the debtor quitclaimed to his wife his interest in the family house and property located in Burns, Tennessee, which had been previously owned by tenancy in the entirety. The debtor testified that he transferred the property to his wife for two reasons. He wanted to repay his wife for $10,000 to $15,000 which she borrowed from her

mother and allowed him to use, and he thought sole ownership of the house would make it easier for his wife to handle their personal affairs, since he was planning to leave Tennessee.

A trustee may avoid, pursuant to 11 U.S.C. § 544(b) (West 1979), any transfer of an interest of the debtor in property that is avoidable under applicable law by a creditor holding an unsecured claim. Under Tennessee law, a conveyance made by a person who is or will be rendered insolvent is fraudulent as to creditors, without regard to his actual intent, if fair consideration was not received for the conveyance. TENN.CODE ANN. § 64–312 (1976).[1] Under this section, actual intent is unnecessary. The creditor need only show that the debtor was insolvent or was rendered insolvent by the transaction and that the debtor received no fair consideration. *See McDowell v. Rees*, 22 Tenn.App. 336, 122 S.W.2d 839 (1938). To determine insolvency, courts have looked to whether the fair market value of the individual's property would cover his or her obligations as they fall due. If they do not, the debtor is insolvent. *Hyde Properties v. McCoy*, 507 F.2d 301, 307 (6th Cir.1974); *United States v. Kerr*, 470 F.Supp. 278, 282 (E.D.Tenn.1978); *State v. Caldwell*, 21 Tenn.App. 396, 111 S.W.2d 377 (1937).

On December 14, 1979, the time when the debtor quitclaimed his interest in the house to his wife, the evidence established that the debtor had assets worth approximately $143,000[2] and indebtedness of approximately $177,000. Based on this testimony, the court holds that the debtor was indeed insolvent at the time he quitclaimed his interest in the tenancy by the entirety property to his wife. The court further finds that the wife provided no consideration for the conveyance and, thus, the conveyance was fraudulent.[3]

Accordingly, the court hereby ORDERS, ADJUDGES and DECREES that the trustee may avoid the debtor's quitclaim to his wife of his home in Burns, Tennessee, to the extent that the debtor transferred his survivorship interest in the property.

IT IS, THEREFORE, SO ORDERED.

---

1. TENN.CODE ANN. § 64–312 (1976) provides: "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration."

2. The court notes that this valuation includes the full value of the house owned by both the debtor and his wife as tenancy by the entirety property.

3. The court recognizes that under Tennessee law a debtor may be able to prefer his wife as a creditor. *See Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corporation*, 496 F.2d 800, 809 (2nd Cir.1974); *DeLaney Furniture Co. v. Magnavox*, 222 Tenn. 329, 435 S.W.2d 828 (1968). While the husband maintained that one reason he transferred the property to his wife was to repay her for money he borrowed, she testified that she considered all loans to be directly from her mother to her husband. The testimony also established that the transfer in question occurred because the debtor anticipated leaving the state and wanted to simplify his wife's business affairs. On the basis of these facts, the court finds that the debtor did not convey the property to his wife on account of an antecedent debt but conveyed the property to her to simplify their business affairs. Thus, the Tennessee law preference exception does not apply.