B. C. Cox et al.

*v.*

FIDELITY-PHENIX FIRE INSURANCE COMPANY
OF NEW YORK.

(*Jackson,* April Term, 1958.)

Opinion filed May 2, 1958.

W. M. MILES, C. W. MILES, III, and R. D. FRY, Union City, for appellants.

PERCY BROWN, JR., and RICHARD F. NEWELL, Louisville, Ky., Tom Elam, Union City, for appellee.

Mr. Justice Burnett delivered the opinion of the Court.

This suit was brought by the appellants, B. C. Cox, and others, residents of Obion County, Tennessee, against the insurance company, a non-resident corporation qualified to do business in this State. The suit was for damage done by wind and storm, etc., to a building and other property, located in the State of Kentucky. The appellants asked a local Tennessee insurance company to write insurance on this building which was located in Kentucky. This company could not write the insurance in Kentucky and got an agent in Kentucky to write the insurance on the building and its contents. The insurance was thus written by a Kentucky agent who in turn billed the Tennessee agent who in turn collected the premium from the appellants.

The insurance company filed a plea in abatement to summons and declaration which was sustained by the trial judge and the suit abated.

Of course to the plea in abatement there were certain pleas filed and stipulations were entered into which in effect shows the facts above. The plea in abatement was

based upon the fact that Code Section 56-321, T.C.A., only provides that the Secretary of State or the Insurance Commissioner may be served when the cause of action arises in Tennessee and that since the cause of action arose in Kentucky the Courts of this State did not have jurisdiction. This is the question here involved.

In arriving at the proper solution to this lawsuit it is necessary for us to consider what are now Sections 56-303, 56-319, 56-320, and 56-321, T.C.A., as it is at present codified. This as brought down to date is carried in the appendix to those Sections of the Code. Section 56-303, T.C.A., is a recodification of the earlier Section 56-308, which was carried in Shannons Code as Section 3292, Subsection 3, and to be hereinafter referred to.

This Section of the Code (56-303, T.C.A., or 308 as referred to in the appellant's brief) relates to the requirements that any domestic or foreign insurance company before it is qualified and authorized to do business in Tennessee must execute a power of attorney appointing the Commissioner as attorney for service of process.

Section 56-319, T.C.A., gives various definitions that are to be used under this Chapter for foreign insurance companies.

Section 56-320, T.C.A., provides that foreign insurance companies must appoint the Commissioner by executing a power of attorney, etc., while Section 56-321, T.C.A., provides in what suits process may be served on the Commissioner on behalf of the foreign insurance company and details the procedure to be followed in serving the summons notifying the foreign company. This Section likewise limits the service upon the Commissioner to suits

based on "any cause of action arising in Tennessee". These latter quoted words were inserted in this Section by Chapter 136 of the Public Acts of 1958, wherein these quoted words were substituted for the words "growing out of such business", as formerly appeared in this Code Section as it appeared in the Code as then codified.

The original back of the Section, 56-303, T.C.A., or 308, was enacted by the Legislature of 1895 and has been amended and codified various times since then.

The first appearance of Section 56-321, T.C.A., appears in Chapter 119 of the Public Acts of 1947. It is interesting to note that at the same term of the Legislature, Section 56-303, T.C.A., as it now is or 308, was likewise amended as a whole. The same sponsor authored both amendments, i.e., now 56-321, T.C.A., and 56-308, T.C.A.

It is necessary, in getting at a proper meaning of what these sections refer to, that we should read them all together. And when we do so it is clear that it was the intention of the Legislature to limit these suits to "any cause of action arising in Tennessee." See Chapter 136, Public Acts of 1953.

This amendment and codification was probably brought about by reason of various court decisions over the country during the first half of this century and particularly the decisions of this Court in *Patton v. Continental Casualty Co.*, 1907, 119 Tenn. 364, 104 S.W. 305. In that case this Court went along with a majority of the courts in the Country and held that this substituted service of process on a public official under a statute of the type here was sufficient to sustain jurisdiction in the Court to render judgment in *personam* against a foreign corporation

doing business in the State, even though the action was based upon a cause of action or a transaction arising in another State. This seemed to be the law up until the early 1940's. See 145 A.L.R. at page 632 et seq.

Soon there followed the case by the United States Supreme Court of *Simon v. Southern R. Co.,* 1915, 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492, wherein that Court held that within the meaning of the Fourteenth Amendment the full faith and credit clause of the United States Constitution required that in the judicial proceedings that the several States could only take jurisdiction of cases wherein the cause of action arose in the State taking jurisdiction. Following this case and others the cases seemed to follow along that line as is indicated by an annotation in 162 A.L.R. beginning at 1424. The trend as indicated by this annotation was clearly to the effect that the Court would only take jurisdiction under this substituted process case when the cause of action arose in the State.

So it was that apparently following this judicial history our statute was amended so as to limit the jurisdiction of cases that we had under this substituted process statute "from any cause of action arising in Tennessee".

This suit was brought to recover on a contract of insurance issued by a Kentucky agency situated in Kentucky covering real and personal property located in Kentucky. The cause of action on which this suit is based clearly arose only in Kentucky and not in Tennessee, and since Section 56-321, T.C.A., specifically provides that this substituted service of summons on the Commissioner will only be had when the cause of action arose in Tennessee, clearly the trial court was correct in abating the suit.

A reason, which looks reasonable, is stated by the Supreme Court of the United States in *Simon v. Southern R. Co., supra,* at page 260 of 35 S.Ct. thus:

"But this power to designate by statute the officer upon whom service in suits against foreign corporations may be made relates to business and transactions within the jurisdiction of the state enacting the law. Otherwise, claims on contracts, wherever made, and suits for torts, wherever committed, might, by virtue of such compulsory statute, be drawn to the jurisdiction of any state in which the foreign corporation might at any time be carrying on business. The manifest inconvenience and hardship arising from such extraterritorial extension of jurisdiction by virtue of the power to make such compulsory appointments could not defeat the power if in law it could be rightfully exerted."

The court then went on to hold that the service of process on a state officer designated by the substituted service act for that purpose, is not effective to give the court of that State jurisdiction of a suit against a foreign corporation doing business within the State as to the cause of action arising in another State. It is interesting to note that the opinion in this case was written by Mr. Justice Lamar.

It is thus obvious that the Legislature has changed the rule since the Patton case was written in 1907 and therefore it is no longer controlling in this State.

Section 56-303(3), which is referred to frequently in the briefs herein as Section 56-308, is a general provision requiring all insurance companies to execute a power of attorney in favor of the Commissioner as attorney for the

service of process, while Section 56-321, T.C.A., specifically limits the scope of the power of attorney to causes of action arising in Tennessee as to foreign companies qualifying under this Section to do business here. From the language of this last Section it is plain to us that it was the legislative intention to provide in what actions this substituted service was permitted on behalf of foreign insurers and what procedure must be followed in effecting such service.

For the reasons hereinabove stated we are forced to the conclusion that the trial court was correct in his ruling and that the substituted service of process may not be had on an insurance company qualified to do business in this State for a cause of action which arose out of the State. The lower court is thus affirmed with costs.