WAYNE WILLIS et al., Plaintiffs in Error,

*v.*

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant in Error.

423 S.W.2d 855.

(*Nashville*, December Term, 1967.)

Opinion filed January 29, 1968.

ABLES & ABLES, South Pittsburg, for plaintiffs in error.

PAUL D. KELLY, JR., of counsel, SWAFFORD & KELLY, Jasper, for defendant in error.

MR. JUSTICE DYER delivered the opinion of the Court.

This appeal involves four suits filed in the Circuit Court of Marion County, Tennessee, under docket numbers 9302, 9303, 9304, and 9305, and one opinion will suffice. These cases come to this Court from the action of the trial judge in sustaining a plea in abatement to the

declarations dismissing the suits. In this opinion the plaintiffs in error, Wayne Willis et al, will be referred to as plaintiffs, and defendant in error, State Farm Mutual Automobile Insurance Company, as defendant.

The defendant issued to one Carl B. Willis, of Bridgeport, Alabama, an automobile liability insurance policy on a certain automobile, which policy included uninsured motorist coverage. This policy was issued by its agent in Bridgeport, Alabama. The automobile covered by this policy, operated at the time by the son of insured, was involved in an accident in Marion County, Tennessee, with another automobile operated by one Jerry E. Gill, resulting in injuries to plaintiffs. Plaintiffs are the son of insured and three guest passengers. The policy itself is not in the record.

The declarations alleged this accident was a result of the negligence of James E. Gill, resulting in injuries to plaintiffs; that neither Gill nor the owner of the automobile driven by Gill had insurance covering this accident; and that the uninsured motorist coverage in the policy issued to Carl B. Willis would inure to the benefit of the plaintiffs. The declarations further state that the office of the defendant is in Bloomington, Illinois, and service of process was had on defendant through the Commissioner of Insurance and Banking of the State of Tennessee. The plea in abatement alleges this service void.

Under the declarations defendant is a foreign insurance company and service of process was had under Chapter 3, Title 56, T.C.A., especially 56-321. In regard to service of process on a foreign insurance company through the Commissioner of Insurance and Banking under these

statutes this Court dealt at length with the matter in an opinion prepared for the Court by Mr. Chief Justice Burnett in the case of *Cox v. Fidelity-Phenix Fire Insurance Co.,* 203 Tenn. 386, 313 S.W.2d 429 (1958). In the *Cox* case it was noted that defendant, a foreign insurance company, was qualified to do business in Tennessee. This point is controlling in the case at bar.

T.C.A. 56-319(4) defines what acts constitute "doing business in Tennessee" by a foreign insurance company. T.C.A. 56-320 first requires a foreign insurance company doing business in Tennessee to affirmatively appoint the Commissioner of Insurance and Banking its agent for service of process, and then states if such insurance company fails to make this appointment the statute itself in effect makes the appointment. On the issue here the pertinent part of T.C.A. 56-321 is as follows:

> When the commissioner of insurance and banking has been appointed or constituted attorney for any such company, either by power of attorney or by failure to comply with the provisions of sec. 56-320, any lawful process against or notice to such company in any action or proceeding against it from any cause of action arising in Tennessee may be served on the commissioner of insurance and banking, * * *.

The quoted part of T.C.A. 56-321 makes this statute applicable only to foreign companies, who either by one of the two methods set out in 56-320, have appointed the Commissioner of Insurance and Banking their agent for service of process. Unless it be shown the Commissioner of Insurance and Banking has been designated by the foreign insurance company its agent for service of process, then there is no authority for such service. In

the case at bar there is neither allegation nor admission the defendant had appointed the Commissioner of Insurance and Banking its agent for service of process in either of the two methods under T.C.A. 56-320. On the issue here the only facts in this record are defendant had issued in Alabama an insurance contract to a citizen of Alabama covering an automobile registered in Alabama, which automobile had been involved in an accident in Tennessee, resulting in injuries to third parties (plaintiffs). This would not constitute "doing business in Tennessee" as the phrase is used in T.C.A. 56-319(4), which is a requirement in order to appoint the Commissioner of Insurance and Banking agent for service of process.

██ It may be defendant is qualified to do business in Tennessee and has appointed Commissioner of Insurance and Banking its agent for service of process, but this is not a fact of which we can take judicial knowledge. Service of process has been challenged in this case and the record before us does not reflect any facts giving authority for the service by this method.

The judgment of the trial court is affirmed.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.