**BEAUTYTUFT, INC., Jorges Carpet Mills, Inc. (Formerly O. W. Jorges & Sons, Inc.) and Moccasin Bend Carpet Mills, Inc.**

v.

**FACTORY INSURANCE ASSOCIATION et al.**

**No. 5293.**

United States District Court
E. D. Tennessee, S. D.

Oct. 11, 1968.

Opinion on Motion to Reconsider
Feb. 26, 1969.

---

Stophel, Caldwell & Heggie, Chattanooga, Tenn., for plaintiffs.

Bishop, Thomas, Leitner, Mann & Milburn, Chattanooga, Tenn., Smith, Cohen, Ringel, Kohler, Martin & Lowe, Atlanta, Ga., for defendants.

## OPINION

FRANK W. WILSON, District Judge.

This cause of action is before the Court upon the following motions, listed in the order of their filing: (1) the defendants' motion to dismiss the action or to quash the service of process by substituted service through the Commissioner of Insurance of the State of Tennessee, (2) the defendant's motion to dismiss the action for lack of venue, (3) the defendants' objections to interrogatories or motion for a protective order with regard thereto, and (4) the defendants' motion to dismiss this action or to quash the service of process by substituted service through the Secretary of State of the State of Tennessee.

This is an action upon a business interruption insurance policy. The following relevant factual matters are undisputed in the pleadings or are established by affidavits filed in support of or in opposition to the motions to dismiss.

The plaintiff, Beautytuft, Inc., is a corporation organized under the laws of Georgia and having its principal place of business in Fort Oglethorpe, Georgia. The plaintiffs, Jorges Carpet Mills, Inc. and Moccasin Bend Carpet Mills, Inc., are each corporations incorporated under the laws of Tennessee and each having their principal places of business in Rossville, Georgia. The defendant, Factory Insurance Association, is an unincorporated association engaged in the business of writing insurance on behalf of its member insurance companies. The remaining defendants are each insurance corporations who are members of the Factory Insurance Association. The defendant, Factory Insurance Association, has its principal office in Hartford, Connecticut, but at all times relevant to the issues here involved it was duly authorized to do business in the State of Tennessee and was doing business in Hamilton County, Tennessee, within the jurisdiction of this Court. As required by the State of Tennessee as a condition to doing business in the State, it had duly appointed an agent within the State for the service of process. The remaining defendants were each incorporated under the laws of a state other than Tennessee and had their principal places of business elsewhere than in the State of Tennessee. It is alleged in the complaint and admitted in the answer that Factory Insurance Association was acting as agent for each of the other defendants in doing business in Hamilton County, Tennessee. It is further conceded by the defendants, at least for the purposes of the present motion, that each of the defendant insur-

ance companies was duly qualified to do business in Tennessee and was doing business within this State at all relevant times (Defendants' Brief filed October 2, 1968, p. 3). Since it is conceded that each of the defendants was duly qualified to do business in Tennessee, presumably each defendant has appointed a duly qualified agent for the service of process in Tennessee, although this does not expressly appear in the record.

It further appears that each of the defendants was also doing business in the State of Georgia at all times relevant to the issues in this lawsuit, although no defendant was incorporated and none had its principal place of business in that State. Upon a date unspecified in the record, the defendant, Factory Insurance Association, acting as agent for the other defendants who were its members, issued a business interruption insurance policy, being Policy No. 31–7–23452, unto the plaintiffs jointly, the effective date of the policy being from December 1, 1966, until December 1, 1967. This policy was issued through the Ledford-Davis Insurance Agency in Rossville, Georgia. On June 10, 1967, a fire occurred at the Rossville, Georgia, plant housing each of the plaintiffs' business premises. It is alleged that by reason of the said fire the plaintiffs each sustained an insured loss under the aforesaid policy. This allegation is denied. It is also alleged that the plaintiffs are entitled to recover the sum of $1,188,000 from the defendants under the terms of the policy. This allegation is likewise denied and it is denied that a jurisdictional amount in excess of $10,000.00 is in controversy with respect to each defendant.

Taking up first the defendants' objections to interrogatories propounded by the plaintiffs, it appears that the plaintiffs seek by these interrogatories to elicit information from each defendant as to the nature and volume of its activities in Tennessee. It is represented by the plaintiffs that this information is needed to establish jurisdictional facts with regard to whether each defendant was doing business in Tennessee or had sufficient minimum contacts with the State to render such defendant subject to jurisdiction within the State. Since it is admitted by the defendants that each defendant was "licensed to do business in Tennessee and doing business in Tennessee at all relevant times," there is no issue of fact in this regard and the plaintiffs' interrogatories would no longer appear to be relevant or necessary. The defendants' objections to answering the said interrogatories will accordingly be sustained.

There remains for consideration the defendants' motions to dismiss the lawsuit for lack of personal jurisdiction and for lack of venue. As the matter of venue would not be relevant unless the Court first had personal jurisdiction of the defendants, the motions to dismiss or to quash the service of process will be considered first by the Court. In regard to these motions certain other relevant facts appear undisputed in the record. It appears that this lawsuit was filed on June 7, 1968, and upon that same date the plaintiffs caused a summons to issue and be served upon the Commissioner of Insurance and Banking of the State of Tennessee. A copy of the summons and complaint was then mailed by the Commissioner of Insurance unto the home office of each defendant. The defendants' initial motion to dismiss the action or to quash the service of process is directed to the sufficiency of this process to subject each defendant to the jurisdiction of the Court. Thereafter on July 5, 1968, the plaintiffs caused a second summons to issue and be served on the Secretary of State for the State of Tennessee and a copy of this summons and complaint was then mailed by the Secretary of State to the home office of Factory Insurance Association "for the Association and as agent for all members of the Association as named in the caption of the complaint as defendant". The defendants' second motion to dismiss the

action or to quash the service of process is directed to the sufficiency of this process to subject each defendant to the jurisdiction of this Court.

In support of their motions to dismiss or quash the service of process, the defendants contend that this cause of action arose in Georgia and that each of the Tennessee statutes upon which the plaintiffs rely as authority for obtaining substituted service of process upon the defendants through the Commissioner of Insurance (T.C.A. §§ 56–303(3), 56–319, 56–320, 56–321, 56–328 and 56–329) and through the Secretary of State (T.C.A. §§ 20–220, 20–223, 20–235 and 48–923) is either expressly limited to causes of action arising within Tennessee or by necessary implication is so limited. It is the defendants further contention that any other interpretation of the aforesaid substituted service of process statutes would constitute a violation of due process.

In opposition to the defendants' motions to dismiss the action or to quash the service of process, it is the plaintiffs' contention that substituted service of process was accomplished, both through the Commissioner of Insurance and through the Secretary of State, in accordance with the various applicable Tennessee statutes authorizing such service (cited above), that this cause of action did not arise in Georgia but that even though the Court did so construe the matter, nevertheless under the wording of the various applicable statutes the validity of the service of process does not depend upon the cause of action arising within Tennessee nor does due process so require.

█ For reasons which are not altogether apparent to the Court, it appears that the full thrust of each party's argument in this case is predicated upon the assumption that substituted service of process was had or attempted with respect to each defendant, with process being served or attempted to be served in accordance with Rule 4(d) (7), Federal Rules of Civil Procedure, which rule permits service of process "in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state". If it were in fact true that substituted service of process was accomplished as to each defendant under Rule 4(d) (7), F.R.Civ.P., and the Tennessee statutes cited by the parties, then it would be true that the process was not served in accordance with the provisions of the said statutes. This result would be reached by the Court, however, without the necessity of ever getting to the issue of whether the cause of action must have arisen in Tennessee before the statutes would be applicable or without getting to the issue of whether due process would be violated should any statute purporting to permit substituted service of process be construed to be applicable to a cause of action arising out of the state. Without ruling upon these matters, it is clear from the language in each statute in any way related to the matter of substituted service of process, that such substituted service of process is permissible only where the defendant is not present and available within the jurisdiction for direct and personal service of process. The defendants each concede that they are present and available within this jurisdiction for direct and personal service of process. It is in fact stipulated by the defendant insurance companies that they are each licensed to do business in Tennessee and were doing business in Tennessee at all relevant times. It is likewise undisputed that the defendant, Factory Insurance Association, is duly authorized to do business in Tennessee, was doing business in the State at all relevant times, and has a resident agent for the service of process within the State. With each defendant being present and available within the State for the personal service of process,

the Tennessee statutes relating to substituted service of process would by their express terms have no application. When a defendant is present and available within the jurisdiction for the personal service of process, personal jurisdiction must be had by personal service of process and not by substituted service of process. However, it would appear unto the Court that with regard to each of the defendant insurance companies the parties may have been in error in arguing the validity of the service of process in this case as though it were accomplished under Rule 4(d) (7), F.R.Civ.P. Rule 4(d) (7) is but one of the means specified for accomplishing service of process. Rule 4 (d) (1) provides for service of a summons by delivery of a copy of the summons and complaint either personally unto the defendant or "to an agent authorized by appointment or by law to receive service of process." As regards each defendant insurance company in this case, it appears that personal service of process has been accomplished in accordance with Rule 4(d) (1), and, as indicated, it is not altogether clear unto the Court why all argument in the case has been directed as though the service of process was had under Rule 4(d) (7).

As noted above, it is undisputed that each insurance company named defendant in the case was duly licensed to do business in Tennessee. Under T.C.A. § 56–303(3), one of the requirements to a foreign insurance company becoming licensed to do business in the State is that it execute an instrument appointing the Commissioner of Insurance its true and lawful attorney for the service of process within the State. The defendants each being foreign corporations licensed to do business within Tennessee, the Court can only conclude that all requirements for the licensing of each defendant, including the appointment of the Commissioner of Insurance as resident agent for the service of process, have been complied with. Under these circumstances, service of process upon the Commissioner of Insurance "shall be of the same force and validity as if served on the company" [T.C.A. § 56–303 (3)]. It thus appears that service of process in this case upon the Commissioner of Insurance was not an attempt at substituted service of process upon the defendants, as interpreted by each of the parties, but rather with regard to each defendant insurance company was personal service on the said defendant who was present within the jurisdiction by resident agent duly designated for the service of process.

With regard to the defendant, Factory Insurance Association, this defendant being an association and not a corporation, a different situation exists. Section 56–303(3) T.C.A. would have no application to this defendant and the service of process on both the Commissioner of Insurance and the Secretary of State was not a personal service of process under Rule 4(d) (1), F.R.Civ.P., but rather was a substituted service of process under Rule 4(d) (7), F.R.Civ.P. It is undisputed that this defendant is present within this jurisdiction and has duly appointed a resident agent for the service of process within the State. Since personal service of process can be had on this defendant through its resident agent for the service of process, substituted service of process through the Commissioner of Insurance or the Secretary of State would not be permissible under the express wording of the statutes involved. The service of process on the said defendant will accordingly be quashed, but this action will not be dismissed as to the said defendant, for it clearly appears that personal service of process can be had upon the resident agent of Factory Insurance Association.

Having concluded that personal service of process has been had on each of the defendants other than the defendant, Factory Insurance Association, and that accordingly personal jurisdiction exists as to each such defendant, the Court

must next consider the said defendants' motion to dismiss for lack of venue. The defendants' motion to dismiss for lack of venue is based upon the assertion that "neither all the plaintiffs nor all the defendants reside in this district and the claim did not arise in this jurisdictional district".

█ Section 1391(a), Title 28 U.S.C., provides that with regard to venue in a diversity action:

"(a) A civil action wherein jurisdiction was founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the jurisdictional district where all plaintiffs or all defendants reside."

Although it was the defendants' original contention that since all of the plaintiffs did not reside in this district, the venue provision of § 1391(a) would not be met, it now appears to be conceded that venue would lie under § 1391(a) with respect to all corporate defendants. Although at one time a corporation was considered a "resident" only of the state in which it was incorporated, the Supreme Court held in the case of Neirbo Co. v. Bethlehem Shipbuilding Corp., (1939) 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 that a corporation which had complied with state law by designating an agent for service of process had consented to be sued in the federal court in that state despite any venue privilege it might otherwise have had. The matter was further clarified in 1948 with the adoption of § 1391(c) of the judicial code. Under this section, a defendant corporation is expressly stated to be a resident, for purposes of venue, "in any judicial district in which it is incorporated or licensed to do business or is doing business". It is undisputed here that each of the corporate defendants is both licensed to do business and is doing business in this district. As to such defendants, venue would accordingly lie under § 1391(a).

Service of process having been quashed as to the defendant, Factory Insurance Association, the motion in regard to venue is not before the Court as to this defendant.

An order will accordingly enter quashing the service of process as to the defendant, Factory Insurance Association, but overruling each defendant's motion to dismiss for lack of personal jurisdiction and overruling the motion to dismiss for lack of venue as to each corporate defendant. Defendants' objections to plaintiffs' interrogatories will be sustained.

## OPINION ON MOTION TO RECONSIDER

This cause of action is before the Court upon the motion of the defendant, Factory Insurance Association, to dismiss or to quash the return of service of process as to it and upon the motion of all defendants to have the Court reconsider its former opinion with regard to dismissal as to them.

This case was previously before the Court upon various motions, including a motion on behalf of each defendant seeking to quash the service of process and dismiss the suit for lack of personal jurisdiction. It was the theory of the defendants upon their original motion that they had each been subjected to substitute service of process under various Tennessee statutes and that such substituted service of process would not lie with respect to a cause of action which arose outside the state of Tennessee, which the defendants contend is here the case. The plaintiffs joined issue upon these matters, contending both that the cause of action arose within Tennessee and that substituted service of process was in any event properly accomplished. It appeared unto the Court on the original motion to dismiss that each of the parties was proceeding upon the theory that process had been served or attempted to be served under the provisions of Rule 4(d) (7), Federal Rules of Civil Procedure, whereas the facts conceded in the record indi-

cated that process had been served pursuant to Rule 4(d) (3), F.R.Civ.P. Since it was conceded in the record that each party defendant had duly qualified to do business in Tennessee and had appointed either the Tennessee Commissioner of Insurance or other agent as agent for the service of process, the Court concluded that personal service of process had been accomplished upon each defendant other than Factory Insurance Association. With respect to the latter, it appeared that an agent for the service of process had been duly appointed within the state of Tennessee but that process had been served upon the Secretary of State and the Commissioner of Insurance rather than upon this agent.

Reference is made to the former memorandum opinion entered by the Court in this case upon October 11, 1968, both for a statement of the relevant facts and for the full opinion of the Court with respect to the former motion to dismiss. The only factual change in the record since the Court entered its former opinion is that alias process has now been served upon the Tennessee resident agent for the service of process designated by Factory Insurance Association.

The defendants now seek to have the Court reconsider its former opinion and grant their respective motions to dismiss, contending that irrespective of whether process was served under Rule 4(d) (3) or Rule 4(d) (7), a federal court in Tennessee would have no personal jurisdiction over any party defendant with respect to a cause of action arising outside of the state, which it is contended is here the case.

Turning first to Factory Insurance Association's motion to dismiss or quash the return of service, the plaintiffs have now caused a summons and complaint to be served on J. A. Chenoweth of Nashville, Tennessee. It appears to be admitted that J. A. Chenoweth is an agent of Factory Insurance Association duly appointed to receive service of process. See affidavit of W. Neil Thomas (Court's File #13). The defendant moves, however, to dismiss or quash the return made on that service and defendant contends that since the cause of action arose outside the state, the Tennessee statute authorizing service upon an agent of an unincorporated association did not authorize service in this cause of action. The defendant cites McDaniel v. Textile Workers Union of America, 36 Tenn.App. 236, 254 S.W.2d 1 (1952), for the proposition that service under the Tennessee statute is only proper for causes of action arising out of the conduct of business within the state.

The plaintiffs on the other hand contend that not only did the present action arise within Tennessee but that even though it is found to have arisen outside the state, Factory Insurance Association was nevertheless properly served through J. A. Chenoweth. The plaintiffs note that this Court has previously held Rule 4(d) (3), F.R.Civ.P., to authorize an alternative federal service of process. See First Flight Co. v. National Carloading Corp., 209 F.Supp. 730 (E.D. Tenn., 1962). The plaintiffs contend that the controlling statute, Tennessee Code Annotated § 20–223 (Supp.1968), does not require the cause of action to arise within the state, and further contend that the language holding otherwise and cited by the defendant from McDaniel v. Textile Workers Union of America, *supra,* is dictum since the cause of action in that case arose within the state.

■ Service of process in the federal court is controlled by Rule 4, F.R. Civ.P. The subdivisions of that rule should be read together since there is some overlap in their application. Subsection (e) provides for service upon a party not an inhabitant of or found within the state. Subsection (d) provides for personal service, and subdivision (3) and (7) of that subsection

have the most application to the instant case, providing as follows:

> The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
>
> \* \* \* \* \* \*
>
> (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.
>
> \* \* \* \* \* \*
>
> (7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state.

The interaction of these rules with state laws with regard to diversity of citizenship cases has been the subject of considerable legal commentary. See Annot., 6 A.L.R.3d 1103 (1966). Although in 1962, in the case of First Flight Co. v. National Carloading Corp., 209 F. Supp. 730, this Court did conclude that federal law and not state law should govern service of process under Rule 4(d) (3) even in diversity cases, that decision was based substantially upon the reasoning of Judge Clark in the then recent case of Jaftex Corp. v. Randolph Mills, Inc. (C.A. 2, 1960), 282 F.2d 508. The weight of authority has since favored the rule in diversity cases that state law should determine whether a corporation or association would be subject to service of process under Rule 4(d) (3), and this is the rule now recognized in this Circuit. See Smartt v. Coca-Cola Bottling Corp. (C.A. 6, 1963), 318 F.2d 447; Velandra v. Regie Nationale des Usines Renault (C.A. 6, 1964), 336 F.2d 292. This Court must accordingly look to the law of Tennessee to determine whether the defendant, Factory Insurance Association, would be subject to the service of process under the circumstances here presented.

Provision for the service of process in Tennessee upon unincorporated associations is made in § 20–223, T.C.A. That section reads as follows:

> *Actions against unincorporated associations.*—Any unincorporated association or organization, whether resident or non resident, doing or desiring to do business in this state by performing any of the acts for which it was formed, shall, before any such acts are performed, appoint an agent in this state upon whom all process may be served, and certify to the clerk of the circuit court of each county in which said association or organization desires to perform any of the acts for which it was organized the name and address of such process agent. If said unincorporated association or organization shall fail to appoint the process agent pursuant to this section, all process may be served upon the secretary of the state of Tennessee. Upon such service, the secretary of state by registered return-receipt mail shall forward a copy of the process to the last known address of such unincorporated association or organization. Service upon the process agent appointed pursuant to this section or upon the secretary of state, if no process agent is appointed, shall be legal and binding on said association

or organization, and any judgment recovered in any action commenced by service of process, as provided in this section, shall be valid and may be collected out of any real or personal property belonging to the association or organization.

As a reading of the statute will indicate, it is not limited in its terms to non-resident associations, but rather applies to both resident and non-resident associations. Likewise a reading of the statute would indicate that it is not limited, by its terms, to causes of action arising within the state. This limitation, if it exists, must be read into the statute. It is the defendant's contention that the Tennessee Court of Appeals has done just that in the case of McDaniel v. Textile Workers Union of America, 36 Tenn.App. 236, 254 S.W.2d 1 (1952). There a plaintiff sought to recover damages from a labor union for personal injuries received in the course of a labor dispute. The union was a non-resident association and had not appointed a resident agent for the service of process in accordance with the aforesaid statute. Process was then served upon the secretary of state under the statute. The defendant attacked the constitutionality of the statute. Construing the statute as limited to causes of action arising within the state, the Court concluded that the statutory plan for substituted service did not violate due process.

Before turning to a consideration of the McDaniel case, it is appropriate to first consider the plaintiffs' contention that since the insurance policy herein sued upon was issued jointly to a corporation organized under the laws of Georgia and to corporations organized under the laws of Tennessee, there exists sufficient basis for holding that the lawsuit arose out of business conducted within Tennessee. Should the facts justify the conclusion that the present lawsuit arose out of business conducted within Tennessee, then even under the construction placed upon T.C.A. § 20–223 by the McDaniel case, the service of process upon the Tennessee statutory agent for Factory Insurance Association would be valid. However, the Court is of the opinion that the facts do not justify such a conclusion. It would appear from the undisputed facts in this case that all relevant matters giving rise to this lawsuit occurred in Rossville, Georgia. It is not irrelevant to note, however, that Rossville, Georgia, is within the Chattanooga, Tennessee, metropolitan area, the Tennessee state line forming the common municipal boundary between the two municipalities.

Returning to a consideration of the McDaniel case, it is apparent that the decision in that case is substantially influenced, if not in fact controlled by, the Tennessee Court of Appeals' interpretation of the federal law of due process as it relates to the service of legal process. The Court there proceeded to construe the then (1952) current federal cases "since the question involves a construction and application of the Federal Constitution as to which Federal holdings should be given precedence over state holdings." 36 Tenn. App. 236 at 244, 254 S.W.2d 1 at 4. The Court's analysis of the then current federal case law led it to conclude that federal due process would require that a statute providing for service of process upon a non-resident association be limited to causes of action arising out of business transacted within the state. Having concluded that due process would so require, the statute was construed to be in harmony with this requirement.

Although the McDaniel case has not been expressly overruled in Tennessee, there have been subsequent developments which render it questionable authority today. To the extent that the Court's construction of T.C.A. § 20–223 was influenced by its interpretation of the requirements of federal due process, it would appear that the construction placed upon the statute was improper, as

the case is no longer a correct statement of the federal law of due process as it relates to the service of legal process upon a non-resident association. As noted above, the Court in the *McDaniel* case interpreted federal due process as requiring that the cause of action arise within the state before process could validly be served upon a non-resident unincorporated association. The case of Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952) is authority to the contrary. In that case service of process was made in Ohio upon the president of a non-resident corporation for a cause of action wholly unconnected with activities of the corporation in Ohio. The Ohio court held that federal due process prohibited an Ohio court from exercising jurisdiction over a non-resident corporation for a cause of action arising outside the state. The Supreme Court held that there was "no requirement of federal due process that either prohibits Ohio from opening its courts to the cause of action here presented or compels Ohio to do so." 342 U.S. 446, 72 S.Ct. 418. Subsequent decisions of federal district courts have upheld service upon non-resident corporations for causes of action arising outside of the state. See Lindley v. St. Louis-San Francisco Railroad, 276 F.Supp. 83 (M.D.Ill., 1967); Gordon v. International Tel. & Tel. Corp., 273 F.Supp. 164 (M.D.Ill., 1967). In this connection Couch on Insurance, 2d Ed., Vol. 2. at § 21:88, has the following to say:

> "The question arises under the statutes providing for the appointment by foreign insurers of a local agent for service of process whether service may be made thereunder in an action in the state based upon a cause of action arising or a transaction taking place beyond the state. It has been held by many courts that service of process upon a public official, under a statute of the type here considered, is sufficient to sustain the jurisdiction

of the court in rendering a judgment in personam against a foreign corporation doing business in the state, even though the action was based upon a cause of action or transaction arising in another state."

Then, too, the subsequent decision of the Tennessee Court of Appeals in the case of Atchison, Topeka & Santa Fe Railway v. Ortiz, 50 Tenn.App. 317, 361 S.W.2d 113 (1962), in construing an analogous statute relating to service of process upon non-resident corporations and business trusts, held that due process did not require that the action arise out of business done within the state.

Finally, apart from the Court's attempt in the *McDaniel* case to construe the subject statute in accordance with the Court's conception of the requirements of federal due process, the construction placed upon the statute is not a well reasoned construction. Rather, it was an unduly restrictive interpretation of the statute, based, as stated, upon the Court's surmise that the legislature intended a statute in accordance with the requirements of due process. Not only is there an absence of language in the statute itself limiting its provisions to causes of action arising within the state, but the statute is expressly made applicable to both resident and non-resident associations. No distinction is made in this regard. There is nothing in the statute to indicate that the legislature intended to except resident associations from suit upon causes of action arising out of the state. There likewise is nothing in the statute to indicate that the legislature intended to favor non-resident associations over resident associations in this regard. These matters are partially demonstrated in the *McDaniel* case itself. Both a resident and a non-resident association (labor union) were sued in that case. No issue appears to have been raised with respect to the validity of the service of process upon the local union and judg-

ment against it was affirmed without reference to any issue as to constitutionality or statutory construction.

. In summary, the decision in the *McDaniel* case appears to have been but a reflection of one stage in the development of the present law of due process as it relates to the service of process in Tennessee upon non residents. As the federal law in this respect has developed, the state decisions have reflected this development. In Knox Bros. v. E. W. Wagner & Co., 141 Tenn. 348, 209 S.W. 638 (1919), the Tennessee court followed the rule set forth in Flexner v. Farson, 248 U.S. 289, 39 S.Ct. 97, 63 L.Ed. 250 (1919), wherein the service of process on an agent of a nonresident partnership was held to be a violation of due process.

As the conception of due process stated in Flexner v. Farson changed with later federal cases, and particularly the case of International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the Tennessee Court of Appeals in the case of McDaniel v. Textile Workers Union of America, 36 Tenn.App. 236, 254 S.W.2d 1 (1952), followed this new line and rejected the rule as set forth in the former Tennessee case of Knox Bros. v. E. W. Wagner & Co., *supra.*

With still further developments in the federal law of due process, the Tennessee Court of Appeals in the case of Atchison, Topeka & Santa Fe Railway v. Ortiz, 50 Tenn.App. 317, 361 S.W.2d 113 (1962), again followed the federal authority and held that non residents otherwise subject to process within the state may now be served with process even though the circumstances giving rise to the cause of action may have occurred outside the state.

■ What effect then should this Court give in this diversity action to the construction placed upon T.C.A. § 20–223 in the *McDaniel* case? As stated by the Court in the case of Brimhall v. Simmons, 338 F.2d 702 (C.A. 6, 1964),

the purpose of a federal court in a diversity action is "to adopt that construction of this statute which in our best judgment the Supreme Court of Tennessee would adopt if the same issue were presented to it." This Court is of the opinion that if the Tennessee Supreme Court were today faced with a construction of T.C.A. § 20–223, the Court would look to the relevant United States Supreme Court decisions, such as Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485, and, in line with Atchison, Topeka & Santa Fe Railway v. Ortiz, 50 Tenn.App. 317, 361 S.W.2d 113 (1962), would place a liberal construction upon a statute providing for service of process upon agents of non residents. See also in this regard Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374 (C.A. 6, 1968); 6 Am.Jur.2d, "Associations" § .56. This Court is of the opinion that the Tennessee Supreme Court would no longer read into T.C.A. § 20–223 the limitation that the cause of action must arise within the state. Accordingly, the Court is of the opinion that the service of process upon J. A. Chenoweth, the duly appointed Tennessee resident agent for Factory Insurance Association, was sufficient to subject that Association to the in personam jurisdiction of the Court.

■ Taking up next the motion on behalf of all defendants to amend or alter the order heretofore entered denying their previous motions to quash the service of process upon them, the corporate defendants were each served by process upon the commissioner of insurance. In their present motions it is pointed out on behalf of the defendants that the Tennessee statutes relating to the appointment of the commissioner of insurance as process agent for non-resident insurance companies expressly provides that such authority shall be limited to "any cause of action arising in Tennessee." At least T.C.A. § 56–321, providing for the service of process on the

commissioner of insurance, is expressly so limited and T.C.A. § 56–303, providing for the appointment of the commissioner of insurance as process agent, must be read in conjunction with T.C.A. § 56–321, as was held in the case of Cox v. Fidelity Phoenix Fire Ins. Co., 203 Tenn. 386, 313 S.W.2d 429 (1958). Accordingly, service of process through the commissioner of insurance would not be valid in this case.

However, service of process was also accomplished upon each corporate defendant through the secretary of state under the provisions of T.C.A. § 20–235, which statute provides in relevant part as follows:

> "Persons who are non residents of Tennessee and residents of Tennessee who are outside the state and cannot be personally served with process within the state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:
>
> \* \* \* \* \* \*
>
> (d) Entering into any contract of insurance, indemnity, or guaranty covering any person, property, or risk located within this state at the time of contracting; \* \* \*."

Two of the plaintiffs are Tennessee corporations. This lawsuit arises from an insurance contract issued by the defendants covering the two Tennessee corporations jointly along with a Georgia corporation. It has traditionally been the state's interest to protect its residents with regard to the sale of insurance. Furthermore, it is the express legislative intent, as reflected in T.C.A. § 20–240, that the courts should give a liberal construction to T.C.A. § 20–235. It would accordingly appear that in personam jurisdiction would exist over the corporate defendants by reason of the service of process through the secretary of state.

■ However, it does not appear necessary for the Court to rule upon the validity of process upon corporate defendants either by reason of service upon the commissioner of insurance or by reason of service of process through the secretary of state.

■ The insurance contract herein sued upon expressly states: "In any action or suit against the companies, service of process may be made on any one of them, and such service shall be deemed valid and binding service upon all companies." In view of the valid service upon Factory Insurance Association, the above policy provision would appear to be sufficient to bring the corporate defendants within the in personam jurisdiction of the Court. It appears well settled that a party may waive or be estopped from asserting an objection to service of process by reason of a stipulation in a contract. See National Equipment Rental v. Szukhent, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964); Restatement of Judgments § 18. The Court is accordingly of the opinion that the motion of each defendant to alter or amend the order heretofore entered should be overruled and that the motion to quash the service of process herein should be denied.

An order will enter in accordance with this memorandum.