WILLIAM HOLLAND v. THE MOBILE & OHIO RAIL-
ROAD COMPANY et al.

1. RAILROAD COMPANY. *Chartered by two States. Where it may be garnisheed.*
A railroad company, chartered both by this State and the State of
Alabama, and having offices and officers in this State for the whole
road, may be garnisheed in this State for wages due by it to an em-
ploye residing and employed in the State of Alabama.

2. QUERE. *Attachment by garnishment. Order of publication. Exemption
law. State of debtor.* Quere, whether the plaintiff in a suit of attach-
ment by garnishment is not entitled to an order of publication for
the debtor, even if the facts stated in the garnishee's answer are
not sufficient to charge him. Quere, also, whether the garnishee may,
or should, plead the exemption allowed by the law of another State
where the debtor resides.

---

FROM MADISON.

---

Appeal in error from the Common Law Court of
Madison county.    T. C. MUSE, J.

PITTS & HAYS for Holland.

McCORRY & BOND for Railroad Company.

COOPER, J., delivered the opinion of the court.

Suit upon a note made by C. M. Andrews, pay-
able to the plaintiff at · Jackson, Tennessee, for about
forty dollars.   The suit was commenced, before a jus-
tice of the peace, against Andrews as a non-resident
of the State, by original attachment by garnishment,
the Mobile & Ohio Railroad Company being summoned
as garnishee.   The justice of the peace, and after-
ward, upon the plaintiff's appeal, the circuit court,

were of opinion that the facts stated in the answer of the garnishee were not sufficient to charge the garnishee, or to warrant an order of publication against the non-resident defendant, and dismissed the suit. The plaintiff appealed.

The answer of the guarnishee is in these words: "The Mobile & Ohio Railroad Company, for answer, says it knows of no effects or property of said Andrews, nor of any person who, at the service of the garnishment or now, owes him any thing. The said Andrews is in the employment of this respondent in a local office in the city of Mobile, Alabama, and is a citizen and resident of said State, and a non-resident of Tennessee, and respondent is also a resident and citizen of said State as well as of the State of Tennessee. Respondent states that said Andrews is indebted to persons in said city of Mobile, Alabama, and by the laws of said State has, and claims of his wages, an exemption of twenty-five dollars. Respondent states that it does not now, nor did it, at the time of the attachment by garnishment herein, owe said Andrews any thing in the State of Tennessee, nor for any work or service in said State, or growing out of the offices of said State, nor is he on the pay-rolls of respondent in said State. But respondent does owe him in the city of Mobile, Alabama, for work done there in a local office, upon the pay-rolls of which, it appears, the sum of fifty-five dollars. But respondent denies that such indebtedness is property in Tennessee, and is advised that, as no personal service of process has been had in the cause on said Andrews, nor any

attachment had of property in this State, he has had no day in court, and that a judgment and order in the cause would be no protection to the respondent against the second payment in Alabama, either to said Andrews, or his local creditors, or as against the exemption laws of Alabama. And it therefore prays to be discharged.

The point has not been made in the argument submitted, but the justice and the circuit judge were, probably, both in error in refusing to make an order of publication, even if the facts stated in the answer of the garnishee were not sufficient to charge the garnishee. For, by the Code, section 3518, the justice, or other officer granting the attachment, is authorized to make the order of publication, in advance of the levy of the attachment, although the publication itself should not be made, by the Code, section 3521, until the attachment has been actually levied: *Howard* v. *Jenkins,* 5 Lea, 176. The order of publication does not, therefore, depend upon the levy of the attachment, but the publication would be of no avail without the levy: *Riley* v. *Nichols,* 1 Heis., 16. Moreover, by the new Code, section 3816, embodying section 3103 of the Code, and the act of 1883, chapter 11, the answer of the garnishee is not conclusive when the sum in controversy is less than $1,000, but the plaintiff may controvert any of the facts contained therein. Property levied upon by the attachment as the property of the debtor may not in fact belong to him, and the person served with a garnishment summons may turn out not to be liable in any way to

the debtor.   But the statute seems to give the plaintiff, at the peril of costs, a right to publication as soon as there is a levy on property or service by garnishment.

It is not, however, necessary to decide these points, for the plaintiff is clearly entitled, upon the answer filed in this case, to an order of publication, and publication for his debtor.   The answer, stripped of its statements or denials which amount only to mere conclusions, inferences or opinions, admits that the respondent is a resident and citizen of the State of Alabama, that is, as the argument of its counsel shows, a corporation chartered by the State of Alabama, and as such corporation is indebted to the defendant, Andrews, in the sum of fifty-five dollars.   These facts are sufficient to show liability as a legal consequence: *Pickles* v. *Rainey*, 4 Heis., 339.   The answer, it is true, says and insists that the debt is a local debt due in Alabama, and not in the State of Tennessee.   But it states no fact which justifies this claim, or assumption.   The debt is admitted to have been created by the employment of the defendant by the corporation in one of its offices located in Mobile, Alabama.   But there is nothing in these facts to make the debt local, or limit its payment to Mobile, or the State of Alabama. It is, upon the facts stated in the answer, an ordinary debt of the corporation to one of its employes for his services.   Like other debts, of a general nature, it would follow the person of the debtor, and might be sued for wherever the debtor could be personally served with process.   And if the corporation

could be sued in this State for the debt, it would be subject to have the debt reached, under the laws of this State, by a creditor of its creditor.

The status of a railroad corporation chartered by two or more States is, that it is a distinct and independent corporation in each State, and when it exercises its functions in either of the States it acts under the authority of that State: *Memphis & Charleston Railroad Company* v. *Alabama*, 107 U. S., 581; *Ohio & Mississippi Railroad Company* v. *Wheeler*, 1 Black, 286; *Chicago, etc., Railway Company* v. *Whitton*, 13 Wall., 270; 1 Rover on Railroads, 26, 69. But the officers of the corporation in each State are the officers of the entire corporation, no matter through how many States it may run. And the corporation, through these officers, may be sued either as a domestic or foreign corporation; in the State in which it is sued, as a resident citizen for any liability created therein, and for any liability created in another State by comity. Our statutes provide for the service of process on foreign corporations through their proper officers: Code, sec. 2831, *et seq.; Railroad Company* v. *Walker*, 9 Lea, 475. All of the authorities agree, therefore, that in the case of a railroad corporation chartered by two or more States, the corporation may be garnisheed in each State for wages due by it to its employes: Drake on Attachments, sec. 879: 1 Rover on Railroads, sec. 720.

The point presented in the argument of this case touching the right or duty of the garnishee to plead the exemption, allowed by the law of the State of

the debtor, can not be noticed in the present attitude of the cause; for the admitted debt exceeds the exemption mentioned in the answer of the corporation, and this excess is, in any event, sufficient to entitle the plaintiff to publication. This State has, in one instance, shown a tendency to recognize the right of the garnishee to plead the exemption of the debtor under the exemption laws of this State: *Davenport* v. *Swan*, 9 Hum., 186. The decisions of other States are in conflict with each other, as to the right to rely upon the exemption under the laws of another State. We express no opinion on the point.