RAILROAD *v.* BARNHILL.

(*Jackson.*    April 12, 1892.)

1. RAILROADS.    *Residence.    Garnishment.*

A railroad corporation that owns and operates under one management a continuous line through this and two other States, having separate charters from each of the three States—that obtained in Tennessee being the youngest—is a resident and domestic corporation of this State, and subject, as such, to suit and garnishment in the Courts of this State.

Cases cited: 104 U. S., 5; 13 Pet., 520; 107 U. S., 581.

2. SAME.    *Same.    Same.*

And such corporation is subject to garnishment by a citizen of this State in the Courts of this State, although the debt sought to be reached is due to a non-resident, and contracted in one of the other States where the company is chartered.

Code construed: §§ 3536 *et seq.* (M. & V.); §§ 2831 *et seq.* (T. & S.).

Cases cited and approved: Holland *v.* Railroad, 16 Lea, 414; Railroad *v.* Walker, 9 Lea, 480.

FROM M'NAIRY.

Appeal in error from the Circuit Court of McNairy County.    LEVI S. WOODS, J.

J. M. BOONE for Railroad.

Railroad v. Barnhill.

J. T. BARNHILL, and STOVALL & HERRING for Barnhill.

CALDWELL, J. This is a garnishment proceeding, by which J. T. Barnhill seeks to recover from the Mobile and Ohio Railroad Company, as garnishee, the sum of $50.60, due from it to his debtor, J. J. Joyner.

The Circuit Judge tried the case on an "agreed statement of facts," and rendered judgment in favor of Barnhill. The railroad company appealed in error.

In its answer, the railroad company admits that it is indebted to Joyner in the sum of $52.60, but denies that it is subject to garnishment in the State of Tennessee for that indebtedness.

The facts upon which the defense is made are as follows: That the Mobile & Ohio Railroad Company was chartered originally by the State of Alabama, then by the State of Mississippi, and then by the State of Tennessee; that the indebtedness of the company "to Joyner is for labor performed wholly within the State of Mississippi," and under contract made in that State, and that he is a citizen of that State.

Barnhill is a resident of Tennessee; and the garnishment process, which is in due form, was regularly served on the station agent of the railroad company at Ramer, in McNairy County, this State.

From these facts the argument is made that

the railroad company, as well as Joyner, is a non-resident of Tennessee and a resident of Mississippi, as to the subject-matter of this litigation, and that therefore the Courts of this State have no jurisdiction to render judgment against it for the debt in question.

It is true, as a general rule, that a non-resident cannot be charged as garnishee; but it is not true that the railroad company is to be treated, in this case, as a non-resident. In reality it is not a non-resident, but a resident of Tennessee. It exists and performs its functions within our territorial limits as a domestic corporation, by virtue of a charter granted by the Legislature of this State. Acts 1847–48, Ch. 118.

That the same incorporators obtained earlier charters from the States of Alabama and Mississippi, and effected an organization and still do business thereunder, does not render the corporation any less a resident of Tennessee.

It is well settled that a corporation created and organized under the laws of a particular State has its legal residence in that State, and that it cannot change its citizenship by doing business in another State. *Baltimore and Ohio R. R. Co.* v. *Koontz,* 14 Otto, 5.

"It must dwell in the place of its creation, and cannot migrate to another sovereignty." *Bank of Augusta* v. *Earle,* 13 Peters, 520.

Yet different charters for the same general business may be granted by different States to the

same incorporators; and when that is done, and organization is properly effected under each charter in succession, the corporation becomes a citizen of each State, and, as such, has the protection of and is amenable to her laws. *Memphis and Charleston Railroad Company* v. *State of Alabama*, 107 U. S., 581.

The fact that the indebtedness of the railroad company to Joyner arose in Mississippi, under a contract made in that State, does not render the railroad company a non-resident of Tennessee as to that indebtedness. The contention to the contrary, and that the railroad company is a non-resident of this State as to that debt, is not sustained by the case of *Memphis and Charleston Railroad Company* v. *State of Alabama*, 107 U. S., 581.

The decision in that case was that the railroad company was a citizen of both Tennessee and Alabama, having been chartered in each State; and that, being a citizen of Alabama, it could not, upon the ground of citizenship in Tennessee, remove into the Circuit Court of the United States a suit brought against it in a State Court of Alabama by another citizen of Alabama.

It was *not* there decided, as here contended, that, for the purposes of that litigation, the corporation was to be treated as not a citizen of Tennessee because the matters involved arose in Alabama. The ground of that decision was corporate citizenship in Alabama, the Court holding that the corporation was a citizen of that State as

well as of Tennessee, where it obtained its first charter.

The Mobile & Ohio Railroad Company, as already stated, was chartered and is doing business in Alabama, Mississippi, and Tennessee. It is, therefore, in fact and in law a citizen of each of these States.

Whether the debt here involved was created in this State or in the State of Mississippi, is a question which cannot affect the citizenship of the corporation in Tennessee, or the jurisdiction of the courts of this State to render proper judgment against it as garnishee in this case.

Nor does the non-residence of Joyner, the creditor of the railroad company and debtor of plaintiff below, defeat or preclude the jurisdiction of our Courts. Clearly, Joyner himself could have come into Tennessee and maintained his suit here against the railroad company for its indebtedness to him. He could have obtained jurisdiction of the corporation by service of process upon its proper officer or agent in this State. Code, § 2831 *et seq.* That being so, it would seem to follow that his creditor can by service upon the same person bring the corporation before the Court, and there have the same question of liability adjudged.

Even as against a foreign corporation doing a regular business in this State, the present proceeding would be within the rules of procedure laid down in a recent work of high standing. The language of the work referred to is as follows:

" The question of the liability of foreign cor-

Railroad *v.* Barnhill.

porations to garnishment differs little from that of
natural persons domiciled in another jurisdiction,
in so far as the course of business of certain
classes of corporations has occasioned the enact-
ment of special statutes in most of the States, giv-
ing Courts jurisdiction of such bodies when engaged
in the prosecution of their business in States other
than that of their residence.

" Except, therefore, in those States where it is
held that corporations are in no event subject to
garnishment, a foreign corporation may be charged
as garnishee in all cases where an original action
might be maintained against it for the recovery
of the property or credit in respect to which the
garnishment is served. In some of the States this
rule obtains through the construction of statutes
*pari materia,* and in others by express provision.
Generally, the jurisdiction of the Court in such
cases is based upon a statute providing for the
commencement of suits against foreign corporations
when engaged in doing business within the State,
by service upon some officer or agent of the com-
pany resident there or that may be found within
the jurisdiction." 8 Am. and Eng. Ency. of Law,
1131, 1132.

In this State there is just such a statute as that
referred to in the last sentence above. Code,
§§ 2831 to 2834*a* inclusive. It comprehends both
domestic and foreign corporations. *Railroad Com-
pany* v. *Walker,* 9 Lea, 480; 16 Lea, 418.

In any and every aspect of the case at bar the

plaintiff in error is subject to be charged as garnishee.

The same question, upon very similar facts, came before this Court in *Holland* v. *Mobile and Ohio Railroad Company*, 16 Lea, 414. The conclusion reached in that case was the same as that reached in this. A mere citation of that case would have been sufficient for the purposes of this one but for the fact that counsel has questioned the soundness of the decision there made, and asked to have the question re-examined.

Believing it to be entirely sound, we adhere to the ruling made in that case. In the conclusion of the opinion, the Court, speaking through Judge Cooper, said: "All of the authorities agree, therefore, that in the case of a railroad corporation chartered by two or more States the corporation may be garnished in each State for wages due by it to its employes. Drake on Attachments, Sec. 879; 1 Rorer on Railroads, Sec. 720." 16 Lea, 418.

Affirmed with costs.