BURNETT *v.* SIMMONS.

(*Nashville*, December Term, 1939.)

Opinion filed January 20, 1940.

WINCHESTER & BEARMAN and JOHN PORTER, all of Memphis, for plaintiff.

WALLACE LOPEZ, of Memphis, for defendant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The question presented in this case is whether money due to a nonresident for services rendered out of the State to a foreign corporation can be subjected to attachment and garnishment in the hands of that corporation in Tennessee by a local creditor of the nonresident, when the foreign corporation has an office or agency in this State and is amenable to process here. The trial judge answered this question in the negative and in this we think he erred.

The plaintiff is here asserting a claim for damages against his nonresident debtor for a tort committed in this State. The latter is in the employ of a foreign corporation in Oklahoma. The corporation is qualified to do business in Tennessee and has an office and agent here upon whom process was served. It recognized the jurisdiction of local court, answered as to its indebtedness, and holds the amount of same subject to the orders of the court. Plaintiff's nonresident debtor, however, filed a plea in abatement, raising the question above stated, and this plea was sustained.

By section 9397 of the Code, upon proper affidavit, a plaintiff in a tort action is entitled to proceed by attachment and garnishment just as plaintiff suing in contract. This being so, the case before us falls under the authority of *Holland* v. *Mobile & O. Railroad Co.,* 84 Tenn. (16 Lea), 414, and *Railroad* v. *Barnhill,* 91 Tenn., 395, 19 S. W., 21, 22, 30 Am. St. Rep., 889. The difference between the case before us and those cited is that in the cited cases the corporate debtor of a nonresident

debtor was a corporation chartered both under the laws of the foreign State and of this State.

The difference noted is not material. In *Railroad* v. *Barnhill, supra,* this court said:

"Even as against a foreign corporation doing a regular business in this state, the present proceeding would be within the rules of procedure laid down in a recent work of high standing. The language of the work referred to is as follows: . . .

" 'Except, therefore, in those states where it is held that corporations are in no event subject to garnishment, a foreign corporation may be charged as garnishee in all cases where an original action might be maintained against it for the recovery of the property or credit in respect to which the garnishment is served. In some of the states this rule obtains through the construction of statutes pari materia, and in others by express provision. Generally, the jurisdiction of the court in such cases is based upon a statute providing for the commencement of suits against foreign corporations, when engaged in doing business within the state, by service upon some officer or agent of the company resident there or that may be found within the jurisdiction.' 8 Amer. and Eng. Enc. Law, pp. 1131, 1132.

"In this state there is just such a statute as that referred to in the last sentence above. Code, sections 2831-2834a, inclusive. [Section 8669, Code of 1932.] It comprehends both domestic and foreign corporations. *Chicago & A. Railroad Company* v. *Walker,* 77 Tenn. (9 Lea), [475], 480; *Holland* v. [*Mobile & O.*] *Railroad Co.,* 84 Tenn. (16 Lea), [414], 418."

In *Holland* v. *Mobile & O. Railroad Co., supra,* the court said:

"The answer, it is true, says and insists that the debt is a local debt due in Alabama, and not in the State of Tennessee. But it states no fact which justifies this claim, or assumption. The debt is admitted to have been created by the employment of the defendant by the corporation in one of its offices located in Mobile, Alabama. But there is nothing in these facts to make the debt local, or limit its payment to Mobile, or the State of Alabama. It is, upon the facts stated in the answer, an ordinary debt of the corporation to one of its employees for his services. Like other debts, of a general nature, it would follow the person of the debtor, and might be sued for wherever the debtor could be personally served with process. And if the corporation could be sued in this State for the debt, it would be subject to have the debt reached, under the laws of this State, by a creditor of its creditor."

The question here presented is somewhat extensively considered in a note, 27 A. L. R., 1396, and the annotator, citing authorities from many jurisdictions in support, states his conclusion as follows (27 A. L. R., at page 1399):

"Although, as subsequently shown, there is a considerable body of authority to the contrary—at least, when earlier as well as later cases are considered—the rule that a foreign corporation is subject to garnishment in a state in which it is authorized to do business, and in which it has an agent upon whom process may be served, in respect of an indebtedness due to a nonresident, even if it did not arise out of business in the state—at least, if under the local statute it would have been subject to suit in the state by the nonresident creditor (principal defendant) in respect of that indebtedness—seems to be

in harmony with the fundamental principles laid down by the United States Supreme Court in the cases previously referred to, and is directly supported by the following cases.''

Reversed and remanded for further proceedings.