**Mae Ruby WILLIAMS,**
**Plaintiff-Appellant,**

v.

**Melvin (Nmn) WILLIAMS, Defendant,**

and

**Bemis Company, Inc., Garnishee-Appellee.**

Court of Appeals of Tennessee,
Western Section.

March 3, 1981.

Permission to Appeal Denied by Supreme
Court Aug. 31, 1981.

Joe Lee Wyatt, McWhirter & Wyatt, Memphis, for plaintiff-appellant.

W. Rowlett Scott, Memphis, Paul A. Matthews, Armstrong, Allen, Braden, Goodman, McBride & Prewitt, for garnishee-appellee.

RILEY, Special Judge.

This is an appeal from an order of the trial court sustaining a motion to quash garnishment. The only issue is whether Tennessee courts have jurisdiction to enforce a garnishment served on a foreign corporation garnishee authorized to do business in this state seeking to garnish wages earned by and payable to the defendant outside the State of Tennessee. We answer in the negative.

The record shows that plaintiff secured judgment against the original defendant for an alimony arrearage. A garnishment was served upon personnel at the Memphis plant of garnishee-appellee, Bemis Company, Inc. The garnishee filed a motion to quash the garnishment on the grounds that the original defendant was not employed at their Memphis plant but rather was employed and paid at the garnishee's plant in Houston, Texas; therefore, the court lacked jurisdiction to enforce the garnishment. The record also indicates the original defendant is a resident and citizen of the State of Texas where he is employed by garnishee. The garnishee is a Missouri corporation with production plants and offices in various locations throughout the United States. The garnishee is qualified to do business in thirty (30) states, including the State of Tennessee. The original defendant is paid at garnishee's plant in Texas by checks drawn on a bank located in the State of Minnesota. The motion to quash garnishment was granted by the trial court.

There are two distinct theories as to jurisdiction to garnish wages of a non-resident defendant where such wages are earned and payable in a foreign state. One theory is dependent upon the situs of the indebtedness, whereas the other theory is dependent upon the jurisdiction of the garnishee.

"Some courts have made situs of the debt the test of jurisdiction over the attachment or garnishment of a debt owing to a non-resident; but the rule established by the United States Supreme Court and followed by a number of state courts is that jurisdiction to attach or garnish a debt is not dependent on the abstract conception of the situs of the indebtedness, but rather on the jurisdiction of the court over the person of the garnishee, and, more specifically, on the liability of the garnishee to suit in that court by his creditor—that is, the principal defendant in the action. In other words, *if a creditor can enforce a claim against his debtor in a certain jurisdiction, that claim can be garnished and the debtor summoned as garnishee in that jurisdiction in an action against the creditor of the garnishee*." 6 Am.Jur.2d *Attachment and Garnishment* § 25 (emphasis added). See also 38 C.J.S. *Garnishment* § 125.

The jurisdiction of the garnishee theory takes the more logical and common sense approach. Since garnishment proceedings serve to subrogate the plaintiff to rights of the defendant debtor against the garnishee,[1] a plaintiff should be able to attach by garnishment that which the principal defendant could maintain an action for against his employer in this state.

This theory was long ago approved by the United States Supreme Court. *Harris v. Balk*, 198 U.S. 215, 25 S.Ct. 625, 49 L.Ed. 1023 (1905); *Chicago Rock Island Railroad v. Sturm*, 174 U.S. 710, 19 S.Ct. 797, 43 L.Ed. 1144 (1898). Although the Tennessee courts have discussed the situs of the debt theory,[2] it appears Tennessee has adopted the jurisdiction of the garnishee theory. *Burnett v. Simmons*, 175 Tenn. 422, 135 S.W.2d 452 (1940); *Mobile and Ohio Railroad Company v. Barnhill*, 91 Tenn. 395, 19 S.W. 21 (1892).

The garnishee foreign corporation in the case at bar was authorized to do business in this state and was served with process at its local plant. Rule 4.04(4), Tennessee Rules of Civil Procedure.[3] However,

---

1. *Dickson v. Simpson*, 172 Tenn. 680, 113 S.W.2d 1190 (1938).

2. *Dillingham v. Trader's Insurance Company*, 120 Tenn. 302, 108 S.W. 1148 (1907).

3. See TCA 48–1201 et seq. for optional meth-

the ultimate issue is whether the courts of this state have jurisdiction to entertain a claim by the defendant-employee against the garnishee-employer for wages earned and payable in the State of Texas. If so, the garnishment will lie; if not, the garnishment fails for lack of proper jurisdiction. We hold the garnishment must fail because a Texas resident can not obtain proper jurisdiction over his Texas employer in the State of Tennessee for wages earned and payable in the State of Texas. The mere fact that the employer is a foreign corporation authorized to do business in this state does not give proper jurisdiction.

TCA 20–2–201[4] provides in pertinent part as follows:

> "Any corporation claiming existence under the laws of the United States or any other state or of any country foreign to the United States, or any business trust found doing business in this state, shall be subject to suit here to the same extent that corporations of this state are by the laws thereof liable to be sued, *so far as relates to any transaction had, in whole or in part, within this state or any cause of action arising here, but not otherwise.* (emphasis added)

A foreign corporation doing business in Tennessee cannot be sued in Tennessee on a claim arising wholly outside Tennessee and having no connection with Tennessee. *Delaney Furniture Company v. Magnavox Company*, 222 Tenn. 329, 435 S.W.2d 828 (1968). Although *Delaney* was decided prior to the enactment of TCA 20–2–214(6)[5], *Delaney* is still controlling since (1) this statute relates to conduct of a defendant or particular events within this state, and (2) this statute was not intended to repeal by implication TCA 20–2–201. *Gillis v. Clark Equipment Company*, 579 S.W.2d 869

(Tenn.App.1978). Furthermore, TCA 48–1201 et seq. and Rule 4.04(4) are procedural rules for service of process on foreign corporations and do not relate to substantive jurisdiction. *Gillis v. Clark Equipment Company, supra.*[6] TCA 20–2–201, on the other hand, imposes jurisdictional limitations upon actions against foreign corporations.

■ Plaintiff relies upon *Mobile and Ohio Railroad Company v. Barnhill, supra* and *Holland v. Mobile and Ohio Railroad Company*, 84 Tenn. 414 (1886). The garnishee corporation in both cases was chartered in Tennessee as well as another state; hence, it was not a foreign corporation. Corporations chartered in several states are to be treated as corporations of each state, so that an indebtedness due from them to nonresidents may be reached by garnishment in either state. 38 C.J.S. *Garnishment* § 125c.

Plaintiff relies on *Burnett v. Simmons*, 175 Tenn. 422, 135 S.W.2d 452 (1940) which upheld a garnishment of wages earned outside this state where the employer was a foreign corporation with an office in this state.[7] This case assumed that the foreign corporation employer "would have been subject to suit in the state by the non-resident creditor (principal defendant) in respect of that indebtedness..." *Burnett v. Simmons*, 135 S.W.2d at 454. This result was not surprising since at that time our courts had construed TCA 20–2–201[8] so as not to prohibit such suit where service of process could be accomplished within this state. *Alwood & Greene v. Hardwood Lumber Company*, 152 Tenn. 544, 279 S.W. 795 (1925). The holding of *Alwood* is contrary to *Delaney Furniture Company v. Magnavox Company, supra* which expressly held that foreign corporations doing busi-

---

ods of service of process upon foreign corporations.

**4.** This section was formerly TCA 20–220.

**5.** This section was formerly TCA 20–235(f).

**6.** But see *W.G. Bush & Company v. Sioux City & New Orleans Barge Lines*, 474 F.Supp. 537 (M.D.Tenn.1977); *Gullett v. Qantas Airways Ltd.*, 417 F.Supp. 490 (M.D.Tenn.1975); *Gallah-*

*er v. Chemical Leaman Tank Lines, Inc.*, 367 F.Supp. 1063 (E.D.Tenn.1973).

**7.** See also *Merrill v. Merrill*, 188 Tenn. 10, 216 S.W.2d 705 (1948).

**8.** This section was formerly section 8676 of Code of 1932.

ness in Tennessee cannot be sued on a claim arising wholly outside Tennessee simply because service of process can be accomplished within the state.

We hold that a Tennessee court does not have jurisdiction to enforce a garnishment served at the local office of a foreign corporation garnishee authorized to do business in this state attempting to garnish wages earned by and payable to a non-resident defendant in a foreign state. Since the non-resident defendant could not secure jurisdiction to sue for his wages in this state pursuant to TCA 20–2–201, then the original plaintiff is likewise barred.

The judgment of the trial court is affirmed. Costs are adjudged against the appellant.

MATHERNE and NEARN, JJ., concur.