IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 2, 2020

## FIRST CENTURY BANK v. EDWARD DUYOS

**Appeal from the Circuit Court for Claiborne County**
**No. 09-CV-285      John D. McAfee, Judge**

_____

### No. E2019-01441-COA-R3-CV

_____

This appeal arises from a writ of garnishment issued by a Tennessee court against a Florida resident, garnishing wages he earned in Florida while working for an Ohio corporation that is registered to do business in Tennessee. The writ of garnishment was served on the employer's registered agent for service of process in Tennessee, and the employer answered the writ without objection. The debtor timely filed a motion to terminate the garnishment, asserting that Florida law exempted his wages from collection. Following a hearing, the trial court concluded, sua sponte, that it lacked "jurisdiction" to issue a garnishment order because the debtor "lives in Florida and works full time in Florida." This appeal followed. We have determined that the debtor waived the issue of personal jurisdiction by consenting to the court's authority. We have also determined that the trial court has the authority to issue the garnishment order against the nonresident debtor's employer with respect to a debt owed to the nonresident debtor because the employer is authorized to do business in Tennessee and has an agent upon whom process may be served. Therefore, we reverse the judgment of the trial court and remand this matter with instructions for the trial court to determine, *inter alia*, whether the debtor is entitled to an exemption under Florida or Tennessee law, and if so, to what extent, and to enter judgment accordingly.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which JOHN W. MCCLARTY and ARNOLD B. GOLDIN, JJ., joined.

Maybern Ellen Wall, Knoxville, Tennessee, for the appellant, First Century Bank.

James Lee Deaton, Tazewell, Tennessee, for the appellee, Edward Duyos.

**OPINION**

First Century Bank ("Creditor") instituted this action in 2009 against Florida resident Edward T. Duyos Jr. ("Debtor"), seeking a deficiency judgment after foreclosing on Debtor's real property in Union County, Tennessee. Debtor was duly served with process, but because he took no action in response to the complaint, a Motion for Default Judgment was filed on August 24, 2009. Debtor was noticed for the hearing on the motion but failed to appear or file a response. As a consequence, the trial court entered a default judgment against Debtor in the amount of $11,756.64 plus interest and costs in September 2009. Debtor did not appeal the judgment and has never sought relief from the judgment.

Eight years later, in March 2017, Creditor served a writ of garnishment on the registered agent for service of process in Tennessee for Debtor's employer, Sherwin-Williams Company ("Employer"). Employer answered the garnishment by providing Debtor's wage information and calculating the maximum earnings subject to garnishment.[1] According to Employer's answer, Debtor's gross pay was $2,768.94 for the two-week period between March 19 and April 1, 2017, and the maximum amount of Debtor's wages that could be garnished under Tennessee law was $524.53.[2]

Shortly after Employer filed its answer, Debtor filed a Motion to Terminate Wage Garnishment. Debtor asserted that the entire amount of his wages was exempt from garnishment under Florida Statute Annotated § 222.11 because he was a Florida resident and provided more than half of the support for his children.[3] Accordingly, Debtor requested the court to terminate the garnishment and order any funds held to be returned

---

[1] Aside from answering the garnishment, Employer did not participate in the trial court proceedings, and it is not a party to this appeal.

[2] Tennessee Code Annotated § 26-2-106(a) exempts 75% of a debtor's weekly disposable earnings from garnishment:

> (a) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed:
>
> (1) Twenty-five percent (25%) of the disposable earnings for that week; or
>
> (2) The amount by which the disposable earnings for that week exceed thirty (30) times the federal minimum hourly wage at the time the earnings for any pay period become due and payable, whichever is less.

[3] Florida Statutes Annotated § 222.11(2)(b) provides, "Disposable earnings of a head of a family, which are greater than $750 a week, may not be attached or garnished unless such person has agreed otherwise in writing."

to Debtor. Significantly, Debtor did not challenge the authority of the Tennessee court to rule on the merits of the garnishment proceedings or its jurisdiction over him.

Debtor's motion was not set for hearing until September 2018. When neither Debtor nor his counsel appeared at the hearing, the court denied the motion and reinstated the garnishment. Debtor promptly filed a Motion to Set Aside the court's ruling, asserting that his counsel never received notice of the hearing because it was sent to the wrong address. No order was entered on the Motion to Set Aside, but Debtor proceeded to file a second Motion to Terminate in April 2019.[4]

Debtor's second Motion to Terminate was heard on June 21, 2019. The trial court granted the motion, finding it lacked jurisdiction:

> Upon hearing of Defendant's Motion to Terminate Garnishment on 21 June 2019[,] this Court finds the defendant lives in Florida and works full time in Florida. Therefore[,] this Court lacks jurisdiction to issue an order of garnishment. The garnishment is terminated[,] and all funds held by the garnishee shall be returned to the defendant.

This appeal followed.

### ISSUES

Creditor raises several issues on appeal.[5] Briefly summarized, Creditor contends the trial court erred in terminating the garnishment based on a purported lack of

---

[4] In April 2019, Creditor moved to extend its judgment under Tenn. R. Civ. P. 69.04. The trial court granted the extension on June 21, 2019.

[5] Creditor's issues read as follows:

I. The trial court erred in terminating the garnishment of Defendant's wages based on a purported lack of jurisdiction over the Defendant.

    A. The trial court does not need personal jurisdiction over Defendant to enforce the garnishment because a garnishment action is an ancillary, postjudgment collection action against the Garnishee and not the debtor.

    B. Defendant lacks standing to challenge the trial court's exercise of personal jurisdiction over the Garnishee.

II. Even if the trial court does require personal jurisdiction over Defendant to enforce the garnishment, which is denied, it has such jurisdiction.

    A. The personal jurisdiction established by the trial court in the original action survives to the garnishment action.

- 3 -

jurisdiction over Debtor because a garnishment action is an ancillary, postjudgment collection action against Employer and not Debtor. Creditor also contends the personal jurisdiction established by the trial court in the original deficiency action survives to the garnishment action and, if it did not, Debtor waived his right to challenge personal jurisdiction by failing to properly raise it in the trial court

Debtor's only identified issue reads as follows, "The trial court was correct in finding that Florida was the proper jurisdiction to litigate issues of protection from garnishment."

We have determined the dispositive issue is whether the trial court erred in terminating the garnishment of Debtor's wages based on a purported lack of jurisdiction to issue a garnishment order.

## STANDARD OF REVIEW

A trial court's "decision regarding the exercise of personal jurisdiction over a defendant involves a question of law." *Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 645 (Tenn. 2009). Accordingly, we review the court's decision de novo with no presumption of correctness. *Id.*

## ANALYSIS

### I. PERSONAL JURISDICTION OVER DEBTOR

Creditor contends the trial court erred in terminating the garnishment of Debtor's wages based on a purported lack of "jurisdiction." It contends the court obtained personal jurisdiction over Debtor in 2009, and he remains subject to the continuing jurisdiction of the court to enforce the garnishment. Furthermore, it contends a garnishment action is an ancillary, postjudgment collection action against Employer and not Debtor. Creditor also contends Debtor waived his right to challenge personal jurisdiction by failing to properly raise it in the trial court.

Although he did not expressly raise the issue of personal jurisdiction in the trial court, on appeal Debtor insists the trial court properly terminated the garnishment because the court lacked jurisdiction and that his "pleadings were sufficient to establish a challenge to the jurisdiction of a Tennessee Court to issue a valid order because they sought protection under the jurisdiction of Florida laws."

B. Defendant waived his right to challenge personal jurisdiction by failing to properly raise it in the trial court.

- 4 -

The question of whether a court has jurisdiction over a party is distinct from the question of what law the court should apply. When deciding whether it has jurisdiction over a party, a court must "ascertain whether it is 'fair and substantially just to both parties to have the case tried in the state where the plaintiff has chosen to bring the action.'" *First Cmty. Bank, N.A. v. First Tennessee Bank, N.A.*, 489 S.W.3d 369, 383 (Tenn. 2015) (quoting *Gordon*, 300 S.W.3d at 646). In contrast, when deciding what law to apply, a court must determine whether the conflicting laws are substantive or procedural. *See Boswell v. RFD–TV the Theater, LLC*, 498 S.W.3d 550, 556 (Tenn. Ct. App. 2016). Further, a defendant waives his right to contest the court's jurisdiction over him by recognizing "the proper pendency of the cause by making a motion that goes to the merits or by filing an answer, without challenging personal jurisdiction." *Landers v. Jones*, 872 S.W.2d 674, 677 (Tenn. 1994).

In this case, the trial court entered a deficiency judgment against Debtor in 2009 after he failed to file an answer. The events giving rise to the current litigation commenced on March 22, 2017, when Creditor pursued collection on the judgment through a writ of garnishment that was served on Employer's registered agent in Tennessee. Upon learning of the Tennessee garnishment proceedings, Debtor made an appearance by filing his Motion to Terminate Garnishment. In his motion, Debtor neither contested the jurisdiction of the court nor otherwise challenged the validity of the default judgment. Instead, Debtor asserted that his wages were exempt from garnishment under a Florida exemption statute:

> Comes the [Debtor], through counsel and moves this court to terminate the wage garnishment issued to [Employer]. In support of [his] motion[,] movant would show[:]
>
> 1. D[ebtor] is currently a resident of Florida and has been his entire life.
>
> 2. The wages being garnished are earned in Florida.
>
> 3. [Debtor] provides more than half of the support for his four children, . . . . Therefore[, Debtor] qualifies as "head of household" under Florida Statutes 222.11[.]
>
> 4. As "head of household" under Florida Statutes 222.11[,] [Debtor's] wages earned in Florida are exempt from garnishment.

Thus, Debtor's motion did not make an argument as to whether it was "fair and substantially just" to have the case tried in Tennessee. *See First Cmty. Bank, N.A.*, 489 S.W.3d at 383. Rather, the motion asserted the application of Florida's exemption law over Tennessee's exemption law, which had already been applied. Accordingly, we find Debtor manifested an implied consent to submit to the jurisdiction of Tennessee courts—even if he was contesting the application of Tennessee law. *See id.* (stating that a party

may expressly or impliedly consent to jurisdiction by submitting to the authority of the court).[6]

Although the record does not expressly identify the type of jurisdiction the court purportedly lacked to issue an order of garnishment,[7] we have determined the trial court had personal jurisdiction over Debtor. Therefore, if and to the extent the determination that the trial court lacked jurisdiction to issue an order of garnishment was based on the belief the court lacked personal jurisdiction over Debtor, that decision is reversed.

## II. GARNISHING WAGES EARNED IN ANOTHER STATE

Having resolved the question of whether the trial court had personal jurisdiction over Debtor, we shall now focus on what we believe to be the dispositive issue in this appeal. That issue is whether the trial court has jurisdiction and the authority to issue a garnishment order against a nonresident debtor's employer with respect to a debt the employer owes the nonresident debtor when the employer is authorized to do business in Tennessee and has an agent upon whom process may be served. Our Supreme Court considered that exact issue in *Burnett v. Simmons*, 135 S.W.2d 452 (Tenn. 1940), and answered it in the affirmative.[8]

Although the contention was not raised in the trial court, Debtor contends in his brief that the trial court lacked jurisdiction to garnish his wages from Employer in Tennessee because Employer could not "maintain an action against [Debtor] in Tennessee over wages he earned in another state." This contention is principally based on

---

[6] Because Debtor waived the issue of personal jurisdiction, we need not decide whether the Tennessee court retained personal jurisdiction over Debtor as it pertained to the ancillary proceedings to execute on the judgment via garnishment proceedings.

[7] Its final order simply reads in pertinent part: "this Court finds the defendant lives in Florida and works full time in Florida. Therefore[,] this Court lacks jurisdiction to issue an order of garnishment."

[8] Similar to the facts and issue presented here, the relevant facts and issue presented in *Burnett* were summarized by the Court as follows:

> The question presented in this case is whether money due to a nonresident for services rendered out of the State to a foreign corporation can be subjected to attachment and garnishment in the hands of that corporation in Tennessee by a local creditor of the nonresident, when the foreign corporation has an office or agency in this State and is amenable to process here. The trial judge answered this question in the negative and . . . we think he erred.

135 S.W.2d at 453.

the holding in *Williams v. Williams*, 621 S.W.2d 567 (Tenn. Ct. App. 1981). In its reply brief, however, Creditor correctly notes that *Williams* is distinguishable from the present case because the facts in *Williams* are inapposite to the facts at bar, and the controlling authority is set forth in *Burnett*, 135 S.W.2d at 453 and *Davenport v. State Farm Mut. Auto. Ins. Co.*, 756 S.W.2d 678 (Tenn. 1988).

We begin our analysis of this issue by noting that "[a] garnishment proceeding to enforce a judgment debt is an ancillary legal proceeding against the third party garnishee and must be brought where jurisdiction can be obtained over the third party." *Millard v. United States*, 916 F.2d 1, 3 (Fed. Cir. 1990) (citing *Harris v. Balk*, 198 U.S. 215, 222 (1905)). Stated another way a "[g]arnishment is in the nature of an attachment of a debt due the judgment debtor from the garnishee; and, service of the garnishment upon the garnishee is a warning to the garnishee not to pay the debt but to answer the garnishment and hold the fund subject to the orders of the Court."[9] *Smith v. Smith*, 165 S.W.3d 285, 293 (Tenn. Ct. App. 2004) (quoting *Meadows v. Meadows*, No. 88-135-II, 1988 WL 116382, at *3 (Tenn. Ct. App. Nov. 2, 1988)).

Our Supreme Court explained in *Burnett* that "a foreign corporation may be charged as garnishee in all cases where an original action might be maintained against it for the recovery of the property or credit in respect to which the garnishment is served." 135 S.W.2d at 453 (quoting *Mobile & O.R. Co. v. Barnhill*, 19 S.W. 21, 22 (Tenn. 1892)). Thus, "a foreign corporation is subject to garnishment in a state in which it is authorized to do business, and in which it has an agent upon whom process may be served, in respect of an indebtedness due to a nonresident, even if it did not arise out of business in the state." *Id.* (quoting 27 A.L.R. 1396, 1399); *see also Williams*, 621 S.W.2d at 568, *overruled on other grounds by Davenport*, 756 S.W.2d 678. The Court reasoned that the indebtedness due to the nonresident was no different than any other debt of a general nature:

> Like other debts, of a general nature, [a debt for unpaid wages] would follow the [employer] . . . and might be sued for wherever the [employer] could be personally served with process. And if the [employer] could be sued in this State for the debt, it would be subject to have the debt reached, under the laws of this State, by a creditor of its creditor.

*Burnett*, 135 S.W.2d at 453 (quoting *Holland v. Mobile & O. R. Co.*, 84 Tenn. 414, 417 (1886)); *see also Dickson v. Simpson*, 113 S.W.2d 1190, 1193 (Tenn. 1938) (jurisdiction

---

[9] "Garnishment is a legal proceeding brought by a creditor (garnishor) of a person (the debtor) against a third party (garnishee) to obtain property of the debtor in the hands of the third party to satisfy the debt owed to the garnishor." *Millard*, 916 F.2d at 2 (citing *Harris*, 198 U.S. at 226).

may be acquired over garnishee when "the debt so impounded [is] such that an action could be maintained thereon in that jurisdiction by the nonresident defendant against his debtor, the garnishee").

The foregoing notwithstanding, Debtor contends the trial court lacked personal jurisdiction over him because Employer could not "maintain an action against [Debtor] in Tennessee over wages he earned in another state." This contention reveals that Debtor misconstrues the requirements articulated in *Barnett*. Whether or not Employer could maintain an action against Debtor in Tennessee is irrelevant. "[G]arnishment proceedings serve to subrogate the [creditor] to rights of the defendant debtor *against the garnishee*." *Williams*, 621 S.W.2d at 568 (emphasis added). Thus, the relevant question is whether Debtor could maintain an action against Employer in Tennessee for unpaid wages.

As explained, a party may expressly or impliedly consent to a court's jurisdiction. *See First Cmty. Bank, N.A.*, 489 S.W.3d at 383. It is undisputed that Employer could be served with process in Tennessee because it maintained an agent for service of process in Tennessee. Additionally, if Debtor were to file an action in Tennessee against Employer for unpaid wages, Debtor would be consenting to the jurisdiction of Tennessee courts.

Thus, Creditor correctly summarized the law as applied to the facts of this case in its reply brief:

> The law is clear that "a writ of garnishment is simply a direction to the garnishee" rather than an entirely new action against the debtor in which personal jurisdiction must be established. [*United States v.*] *Morton*, 467 U.S. [822,] 829 [(1984)]; *see also McPherson v. Social Sec. Admin.*, No. 1:09-0063, 2010 WL 1609975, at *2 (M.D. Tenn. Mar. 5, 2010) (noting same). The trial court undisputedly obtained personal jurisdiction over Garnishee based upon Garnishee's contacts with Tennessee and its compliance with the writ of garnishment. Consequently, "due process does not require a renewal of [Debtor's contacts] with this state" in order for Plaintiff to pursue the money it is owed. *Levi Strauss* [*& Co. v. Crockett Motor Sales, Inc.*], 739 S.W.2d [157,] 159 [(Ark. 1987)]. Personal jurisdiction over [Debtor] as to the garnishment is therefore inapposite . . . .

Based on the foregoing, we find the trial court had jurisdiction over Employer and Debtor for the purpose of garnishing Debtor's wages.

Having determined that the trial court has jurisdiction over the parties concerning the issues raised in the trial court proceedings, we remand this matter to the trial court for further proceedings. On remand, the trial court should determine, *inter alia*, whether and to what extent Debtor is entitled to an exemption under Florida or Tennessee law.

## IN CONCLUSION

Based on the foregoing, we reverse the judgment of the trial court and remand this matter for further proceedings consistent with this opinion. Costs of appeal are assessed against Debtor, Edward Duyos.

_____
FRANK G. CLEMENT JR., P.J., M.S.